IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| In re: | Chapter 11 |
| INTERLOGIC OUTSOURCING, INC., ET AL.[1], | Case No. 19-31445-HCD |
| Debtors. | |

## STIPULATED PROTECTIVE ORDER BETWEEN LAKE CITY BANK AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

In the interest of expediting discovery while protecting the Parties' interests in maintaining the confidentiality of sensitive, non-public and proprietary information in the above captioned chapter 11 case and any of Debtors' (as defined below) bankruptcy cases under title 11 of the United States Code being jointly administered by this Court under Case No. 19-31445-HCD (the "IOI Bankruptcy Cases"), Lake City Bank, and together with official committee of unsecured creditors appointed in the Bankruptcy Cases (the "Committee" and together with Lake City Bank, the "Parties" and individually, a "Party"), by and through their respective counsel of record, hereby stipulate and agree to the following PROTECTIVE ORDER and hereby request that it be made an order of the Court:

1.  Information Subject to Protective Order. This Protective Order (the "Order") shall govern all documents or other information, including testimony, produced by Lake City Bank in response to the Committee's Bankruptcy Rule 2004 motion and subpoena ("Documents and Information").

2.  Designation of Confidential Information. Lake City Bank (hereinafter, a "Producing Person") may designate information produced or disclosed by the Producing Person as: (a) "Confidential" if the Producing Person in good faith reasonably believes that such information contains non-public, confidential, personal, proprietary or commercially sensitive information that requires the protections provided by this Order or otherwise is subject to protection under section 107(b) or (c) of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Interlogic Outsourcing, Inc. (1273); MI Payroll Services, Inc. (1202); TimePlus Systems, LLC (9477); 101 West, Inc. (1405); Lakeview Technology, Inc. (1451); Lakeview Holdings, Inc. (7589); and ModEarn, Inc. (3473). The location of the Debtors' headquarters is: 1710 Leer Drive, Elkhart, Indiana 46514.

United States Bankruptcy Code, Bankruptcy Rule 9018 or other applicable law, or (b) "**Highly Confidential**" if the Producing Person in good faith reasonably believes that such information contains highly sensitive proprietary or commercial information the disclosure of which to another Party or non-party may cause competitive or commercial injury to the Producing Person.  As used herein, "Confidential Information" means information designated as either "Confidential" or "Highly Confidential" by the Producing Person.  Likewise, any Party may designate information produced by any Producing Person as "Confidential" or "Highly Confidential" consistent with the terms of this Paragraph 2, even if such Party did not produce the information (a "Designating Person").  Any designation made by a non-Producing Party must be made within 14 days of the date on which such information is produced.

3.     Use of Confidential Information.  Information designated as Confidential Information shall be used by its recipients (the "Receiving Persons") only for (i) actions arising in the IOI Bankruptcy Cases, (ii) any of the bankruptcy cases of Najeeb Ahmed Khan, Khan Aviation, Inc., GN Investments, LLC, KRW Investments, Inc., NJ Realty, LLC, NAK Holdings, LLC, and Sarah Air, LLC under title 11 of the United States Code which are currently being administered by the United States Bankruptcy Court for the Western District of Michigan (collectively, the "**Khan Bankruptcy Cases**"), (iii) any pending or subsequently filed adversary proceeding related to the IOI Bankruptcy Cases or the Khan Bankruptcy Cases (collectively, the "**Related Adversary Proceedings**"), (iv) the federal action commenced by KeyBank against Interlogic Outsourcing, Inc. and related parties that is pending in the United States District Court for the Northern District of Ohio and styled as *KeyBank National Association v. Interlogic Outsourcing, Inc., et al.,* Case No. 19-cv-01566 (the "**N.D. Ohio Case**"), or (v) the domestic relations proceeding pending in the Circuit Court for Cass County, Michigan (Family Division) styled as *Nancy Lee Khan v. Najeeb Ahmed Khan,* Case No. 19-00418 and any related proceedings (collectively, the "**Khan DR Proceeding**"), and shall not be used by Receiving Persons for any other purpose, including without limitation, any business, governmental, commercial, or other litigation (administrative or judicial) purpose.

4.    <u>Documents and Information in Debtors' Depository Presumptively Constitute</u>
<u>Confidential Information.</u>    Documents and information made available by the Debtors through the
Depository established pursuant to the Parties' information sharing protocol shall be deemed
presumptively Confidential under this Order irrespective of whether such documents and information are
marked in accordance with Paragraph 7 of this Order; provided, however, that the Debtors shall use
reasonable efforts to designate such documents and information as Confidential in accordance with
Paragraph 7 of this Order.  Notwithstanding the foregoing, any documents or information that reasonably
appear to contain, reflect, or convey information from the following categories shall be treated as
presumptively Highly Confidential, and treated in accordance with Paragraph 6(b) of this Order:

a.    Tax identification information and information of a sensitive personal, financial, or
medical nature of the Debtors' customers and the Debtors' customers' principals,
including, but not limited to, tax identification numbers, social security numbers,
bank account numbers, and residential addresses;

b.    Tax information, income information, and information of a sensitive personal,
financial, or medical nature of the Debtors' customers' employees and payroll
payees, including, but not limited to, personal tax and payroll information, social
security numbers, bank account numbers, and residential addresses; and

c.    Information of a sensitive personal, financial, or medical nature of the Debtors'
employees and former employees, including, but not limited to, full names,
residential addresses, social security numbers, payroll information, and bank account
numbers.

5.    <u>De-Designation of Presumptively Confidential Information.</u>    Any Party seeking to
publicly use or disclose documents and information from the Depository, and reasonably believing such
documents and information not to be Confidential may request that the Debtors de-designate such
documents and information.  The Debtors shall respond to a request for de-designation within three Court
days.  Failure to respond to a request for de-designation will result in the documents or information

3

subject to the request to be automatically de-designated as no longer confidential. Nothing in this Paragraph 5 affects the Debtors' ability to subsequently re-designate any de-designated documents or information as Confidential in accordance with the terms of Paragraph 13(c) of this Order. The automatic de-designation of Confidential Information as provided in this Paragraph 5 does not apply to documents and information in the Depository that are presumptively Highly Confidential under Paragraph 4(a)–(c) of this Order.

6.    <u>Disclosure of Confidential Information Limited to Specified Persons.</u>

a.    Receiving Persons shall not disclose information designated as "Confidential" to anyone except the following persons who shall be subject to the provisions of this Order:

i.    The Parties;

ii.    Counsel of record to a Party [2], including counsel's clerical staff, paralegals and service vendors assisting counsel with respect to the IOI Bankruptcy Cases, the Khan Bankruptcy Cases, the Related Adversary Proceedings, the N.D. Ohio Case or the Khan DR Proceeding;

iii.    Any court administering the IOI Bankruptcy Cases, the Khan Bankruptcy Cases, the Related Adversary Proceedings, the N.D. Ohio Case or the Khan DR Proceeding, including such court's staff, administrative personnel, and clerk's office;

iv.    Any person (a) indicated on the face of a document to be the author, addressee, or a copy recipient of the document, or (b) who prepared, received or reviewed the information in question prior to its production in the IOI Bankruptcy Cases;

v.    Experts or consultants requested or engaged by counsel of record for a Party to furnish technical or expert services in connection with the IOI Bankruptcy Cases, the Khan Bankruptcy Cases, the Related Adversary Proceedings, the N.D. Ohio Case or the Khan DR Proceeding;

vi.    A witness at any deposition in the IOI Bankruptcy Cases, the Khan Bankruptcy Cases, the Related Adversary Proceedings, the N.D. Ohio Case or the Khan DR Proceeding

---

[2]    With respect to the Committee, "Party" includes the Committee's members (including any ex-officio member of the Committee consistent with the Committee's bylaws) and their representatives, each of which shall be provided with a copy of this Order in advance of any disclosure and shall thereafter be bound by this Order.

(including preparation for such deposition, and such witness's counsel provided that before providing any information designated as "Confidential" to any person or entity pursuant to this sub-paragraph, such person shall be provided with a copy of this Order, and shall thereafter be bound by this Order); and

      vii.    Any other person the Producing Person confirms in writing may have access to its Confidential Information.

      b.    Receiving Persons shall not disclose information designated as "Highly Confidential" to anyone except the following persons who shall be subject to the provisions of this Order:

      i.    In-house counsel and counsel of record (including other attorneys who work in the same firm as counsel of record) to a Party, including counsel's clerical staff, paralegals and service vendors assisting counsel with respect to the IOI Bankruptcy Cases, the Khan Bankruptcy Cases, the Related Adversary Proceedings, the N.D. Ohio Case or the Khan DR Proceeding;

      ii.    Any court administering the IOI Bankruptcy Cases, the Khan Bankruptcy Cases, the Related Adversary Proceedings, the N.D. Ohio Case or the Khan DR Proceeding, including such court's staff, administrative personnel, and clerk's office;

      iii.    Any person (a) indicated on the face of a document to be the author, addressee, or a copy recipient of the document, or (b) who prepared, received or reviewed the information in question prior to its production in the IOI Bankruptcy Cases;

      iv.    Experts or consultants requested or engaged by counsel of record for a Party to furnish technical or expert services in connection with the IOI Bankruptcy Cases, the Khan Bankruptcy Cases, the Related Adversary Proceedings, the N.D. Ohio Case or the Khan DR Proceeding;

      v.    A witness at any deposition in the IOI Bankruptcy Cases, the Khan Bankruptcy Cases, the Related Adversary Proceedings, the N.D. Ohio Case or the Khan DR Proceeding (including preparation for such deposition), and such witness's counsel provided that before providing any information designated as "Highly Confidential" to any person or entity pursuant to this sub-paragraph, such person shall be provided with a copy of this Order, and shall thereafter be bound by this Order; and

      vi.     Any other person the Producing Person confirms in writing may have access to the information designated "Highly Confidential."

      c.     A Receiving Person or Designating Person may request that a Producing Person redact proprietary or commercially sensitive information designated as "Highly Confidential" and produce a redacted version of the information as "Confidential," which will be then subject to the provisions of Paragraph 6(a). The Producing Person's exercise of judgment as to the quantity of material to be redacted shall be determinative, subject to review and final determination by the Court in the event of a dispute as to the exercise of such judgment. Any dispute arising under this Subparagraph 6(c) shall be submitted to the Court pursuant to Paragraph 8 below. Notwithstanding the foregoing, with respect to information of a sensitive personal, financial, or medical nature of Najeeb Ahmed Khan or any of his family members that is otherwise presumptively Highly Confidential placed in the Depository by the Debtors, a Receiving Person may appropriately redact such sensitive information without further consultation with the Debtors and use the redacted version of such document or information subject to the provisions of Paragraph 6(a).

      d.     Before being shown Confidential Information, each individual of the type specified in Subparagraphs (a)(v), (vi) and (vii) and (b)(iv), (v) and (vi) must first be shown a copy of this Order, agree to be bound by this Order, and complete and sign Appendix A to this Order. With respect to individuals specified in Subparagraphs (a)(v), (vi) and (vii) and (b)(iv), (v) and (vi), counsel making disclosure to any such person shall retain the original executed acknowledgement. With respect to individuals specified in Subparagraphs (a)(v) and (b)(iv), counsel making the disclosure shall serve executed copies on counsel for the Producing Person no later than the date for service of the first expert report; *provided however* this disclosure obligation shall apply only to testifying experts.

      e.     Nothing shall preclude a Party from using its own Confidential Information for any other purposes.

      7.   Marking Confidential Information. A Producing Person shall clearly mark, label or legend its confidential information as Confidential Information as follows:

6

a.    Hard copy (paper) documents: The phrase "Confidential" or "Highly Confidential" must be stamped on each page containing Confidential Information.

b.    Other tangible items such as CDs, DVDs and computer hard drives: The Producing Person shall affix in a prominent place the label or legend "Confidential" or "Highly Confidential."

c.    Electronically stored information ("ESI"):

i.    In the case of ESI produced in native format, by including "Confidential" or "Highly Confidential," in the file or directory name, or in the case of email or other electronic correspondence, by including the words "Confidential" or "Highly Confidential" in the subject or body text.

ii.    In the case of ESI made available through a cloud-based review platform, by having Kroll apply such designation through a document tag visible to all users or through application of a corresponding metadata field to such documents, or both.

d.    Partially confidential documents: If only portions of an item being produced warrant protection, the Producing Person, to the extent practicable, shall mark only the confidential portions "Confidential" or "Highly Confidential."

e.    The Parties may agree in writing to other methods of marking confidential information.

f.    A Party that produced information in the IOI Bankruptcy Cases before entry of this Order may retroactively designate previously produced information as Confidential Information within 30 days of the entry of this Order.

8.    Challenging Confidential or Highly Confidential Designation.

a.    Any Party objecting to the designation of any information as Confidential Information may, after making a good-faith effort to resolve any dispute with the Producing Person regarding such objection, move the Court for an order vacating the designation.

i.    Prior to filing a motion with the Court, the Party challenging the

7

designation of Confidential Information as "Confidential" or "Highly Confidential" must give written notice to the Producing Person or Designating Person, as applicable, which identifies with specificity the Confidential or Highly Confidential designation(s) to which the Party objects.

        ii.       Such notice triggers an obligation on the part of the Producing Person or Designating Person, as applicable to make a good faith determination whether the information in question should remain "Confidential" or "Highly Confidential," as applicable.

        iii.      Within 14 days, the Producing Person or Designating Person, as applicable, shall respond in writing to inform the challenging Party of its decision either to agree or not to agree to remove the "Confidential" or "Highly Confidential" designation. If the Producing Person or Designating Person does not agree to remove the "Confidential" or "Highly Confidential" designation it must provide a brief statement of the grounds supporting its decision.

        iv.      At all times, the burden to establish the propriety of any designation remains on the Producing Person or Designating Person, as applicable.

        v.      Notwithstanding anything to the contrary set forth in Paragraph 8 of this Order, any Party objecting to the designation of Confidential Information as "Confidential" or "Highly Confidential" may request an expedited response from the Producing Person or Designating Person, as applicable, to the objection and, if not resolved by agreement, seek expedited relief from the Court if the facts demonstrate expedited consideration is reasonable under the circumstances.

        b.      All Confidential Information shall be treated as confidential from the date such notice is received and will continue indefinitely and notwithstanding the close or dismissal of the IOI Bankruptcy Cases, unless:

        i.      The Court orders otherwise; or

        ii.      The Producing Person or Designating Person, as applicable, agrees in writing otherwise.

9.      <u>Procedures Specific to Depositions.</u>

        a.      Counsel shall not disclose Confidential Information to a witness testifying at a

deposition or during the process of preparing that witness for a deposition except in strict conformity with the provisions of this Order. If, during the course of any deposition, (a) an attorney of record for any Party desires to make inquiry into Confidential Information, or (b) an attorney of record for a Party asserts that an answer to a specific inquiry is subject to the foregoing designations, the attorney shall make such inquiry only in the presence of those persons authorized to have access to such Confidential Information. Such testimony shall be considered Confidential Information, and the Parties hereto shall treat it as subject to the provision for disclosure set forth herein.

        b.     All testimony elicited during depositions shall be deemed Confidential Information and shall be treated in accordance with the provisions of this Order including, without limitation, Paragraph 10.

        c.     Any court reporter who, in connection with the IOI Bankruptcy Cases, the Khan Bankruptcy Cases, the Related Adversary Proceedings, the N.D. Ohio Case or the Khan DR Proceeding, transcribes testimony at a deposition shall be provided a copy of this Order and shall thereafter ensure that all Confidential Information is and shall remain confidential and shall not be disclosed except as provided under this Order and that copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such court reporter or shall be delivered to an attorney of record or filed with the Court.

        d.     All depositions and other testimony shall be treated as Confidential Information until 30 days after the court reporter sends counsel the final transcript of the testimony, after which day only such portions of the transcript as have been designated as set forth above shall be deemed confidential under the terms of this Order.

        e.     A Party may designate as Confidential Information any portion of a transcript of a deposition or other testimony the Party believes contains confidential information by:

            i.     Making a statement on the record, by counsel, during the deposition; or

            ii.     Sending a written notice to counsel for all other Parties no later than 30 days after receiving the final transcript of the testimony; provided that,

9

        iii.      In both of the foregoing instances, the Party must also then direct the reporter that the appropriate confidential legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Information.

        f.      The Parties may modify this procedure for any particular deposition or other testimony, through agreement placed on the record at such deposition or otherwise in writing, without further order of the Court. Notwithstanding the foregoing, the Parties may not modify this procedure with respect to Confidential Information produced by a non-party Producing Person without the written consent of that Producing Person.

        10.      <u>Filing of Confidential Materials.</u>

        a.      If Confidential Information is filed with the Court in connection with any motions and proceedings before the Court, the same shall be separately filed under seal with the clerk of the Court in an envelope marked: **"CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."** or by such other method and practice established by the clerk of Court for filing information under seal. This Order constitutes the Order authorizing filing under seal of materials containing Confidential Information that is contemplated by Local Rule B-9018-1, and a copy of this Order shall be submitted to the clerk of the Court together with the sealed filing.

        b.      If any Party intends to use Confidential Information in a court filing in any permitted case or proceeding as expressly provided in Paragraph 3 of this Order that is not being administered by the Court, that Party shall meet and confer with the Producing Person or Designating Person, as applicable, regarding the procedures for use of Confidential Information and shall, if necessary, move the applicable court for entry of an appropriate order regarding the same.

        c.      Notice of any motion, application or petition to unseal must be filed and served on all Parties and applicable non-party Producing Persons.

        d.      The motion, application, or petition and any opposition, reply, and supporting documents must be filed under seal if it discloses Confidential Information.

e.     Nothing in this Order prevents a Producing Person or Designating Person, as applicable, from removing the "Confidential" or "Highly Confidential" designation from information previously so designated.

11.   <u>Procedure If a Third Person Seeks to Obtain Confidential Information From a Receiving Person.</u>

a.     If a Receiving Person receives a subpoena or other information request (collectively, "<u>Subpoena</u>") demanding the production of Confidential Information, that Receiving Person shall give written notice, along with a copy of the Subpoena, to all Parties and to any non-party Producing Person whose Confidential Information is sought at least 14 days before a response to such subpoena or other information request is due from the Receiving Person. The Receiving Person shall also furnish to the Producing Person or Designating Person, as applicable, a copy of the subpoena, demand, or request and shall maintain the confidentiality of the Confidential Material so that the Producing Party may seek a protective order or other relief precluding disclosure.

b.     The Producing Person or Designating Person may, at its sole discretion and at its own cost, move to quash or limit the Subpoena or for a protective order in the subject litigation or proceeding.

i.     The Receiving Person shall provide reasonable assistance to the Producing Person or Designating Person to allow the Producing Person or Designating Person to oppose or challenge the Subpoena (*e.g.*, agree to briefing schedules and deadlines); *provided, however*, nothing herein shall be construed as requiring the Receiving Person to substantiate a Producing Person or Designating Person's confidentiality designation or to challenge or appeal any order requiring the production of Confidential Information.

ii.     Upon such motion, the Receiving Person shall not produce a Producing Person or Designating Person's Confidential Information in response to the Subpoena without the Producing Person's written consent or until ordered by a court of competent jurisdiction to make such a production. The Producing Party or Designating Party seeking the protection under this provision must use

11

all reasonable efforts to ensure that the Receiving Party will not be subject to contempt or sanctions.

        c.      Nothing contained herein shall limit or restrict the ability of the Receiving Person receiving the Subpoena to object to or otherwise challenge the Subpoena.

        d.      This Paragraph 11 does not apply to subpoenas issued in any criminal matter.

    12.     <u>No Assumption of Confidentiality, Relevance or Admissibility; Right to Raise Relevance and Admissibility of any Confidential Information.</u>

        a.      Nothing in this Order shall be construed to be: an admission that information designated as Confidential Information is, in fact, entitled to protection from public disclosure under applicable law; an admission of the relevancy of any information produced in the IOI Bankruptcy Cases; or, an admission affecting, in any way, the admissibility of any information produced in the IOI Bankruptcy Cases.

        b.      This Order is without prejudice to the right of any Party to bring before the Court the question of whether any particular information is or is not discoverable or is or is not admissible; such rights are expressly reserved.

    13.     <u>Failure to Designate Material as Confidential Information.</u>

        a.      The inadvertent failure to designate information as Confidential Information in no way alters or waives the protected and confidential nature of information otherwise deserving of a Confidential Information designation and does not remove it from the scope of this Order upon its proper designation in accordance with Paragraph 7, above.  The inadvertent failure to designate information as Confidential Information under this Paragraph 13 shall include any and all documents and information made available by the Debtors through the Depository established pursuant to the Parties' information sharing protocol.

        b.      Upon the discovery of an inadvertent production of Confidential Information without the appropriate designation, the Producing Person shall promptly provide each Receiving Person with a replacement copy of such information with the appropriate Confidential Information designation, or otherwise appropriately modify such information existing in ESI form to reflect the appropriate

Confidential Information designation. The Receiving Person shall immediately return any unmarked Confidential Information to the Producing Person upon receipt of the replacement copy or, alternatively, the Receiving Person's counsel shall certify in writing to the destruction of the unmarked information to the Producing Person and the Designating Person.

       c.     The later designation of information as Confidential Information is effective upon the day of written notice and not retroactive to the date of initial production of the information. The use of the Confidential Information during the period of time between the production and the later designation as Confidential Information will not constitute a violation of this Order.

       14.     <u>Production of Privileged Information.</u>

       a.     If information subject to a claim of attorney-client privilege or attorney work product (or any other applicable privilege or immunity protecting otherwise relevant information from disclosure) is inadvertently produced in the IOI Bankruptcy Cases, such production shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other claim of privilege or immunity that the Producing Person or its counsel otherwise has.

       b.     The Parties have agreed that the Debtors shall produce information to the Committee and KeyBank without conducting a document-by-document or other review of the produced materials to identify any information that may be subject to a claim of attorney-client privilege or attorney work product (or any other applicable privilege or immunity protecting otherwise relevant information from disclosure (in each case, a **"Privilege Review"**) given the delay, expense and other burdens associated with conducting a Privilege Review.[3] Any materials produced by the Debtors without conducting a Privilege Review shall be designated and marked **"Clawback Privileged Material."** The procedure for marking Confidential Information set forth in Paragraph 7 of this Order is incorporated into this Paragraph 14 and shall govern the marking of "Clawback Privileged Material" produced by the

---

[3] This Order does not alter the effect of any order entered by the Court regarding the information sharing protocol agreed to by the Parties and in no way precludes the Debtors from withholding documents on the basis of privilege following the application of search terms and other electronic data analytics in consultation with the Parties and subject to the terms of such agreed information sharing protocol.

Debtors. Any production of material designated "Clawback Privileged Material" shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client, work product, or other claim of privilege or immunity. With the prior written consent of the Parties, a Producing Person (including KeyBank and the Committee) may produce information without conducting a Privilege Review and designate the material as "Clawback Privileged Material" in accordance with the process applicable to designation set forth in Paragraph 7 of this Order and such production shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client, work product, or other claim of privilege or immunity.

        c.      If a Producing Person (including, without limitation, the Debtors, KeyBank and the Committee) complies with Paragraph 14 of this Order, (i) such Producing Person shall be deemed to have implemented adequate precautions to prevent the disclosure of any privileged information designated Clawback Privileged Material, and (ii) any Documents and Data properly designated as Clawback Privileged Material in accordance with the terms of the Order cannot be subject to a claim that any waiver of attorney-client, work product, or other claim of privilege or immunity has occurred. This Subparagraph (c) shall apply to Confidential Information and non-Confidential Information.

        d.      Unless the Receiving Person and Producing Person agree in advance, a Receiving Person that seeks to use any Documents and Data designated as Clawback Privileged Material in any deposition or pleading will initially treat such materials as though they had been designated as "Highly Confidential" and comply with Paragraphs 9 and 10 of this Order until a final determination of whether the materials are subject to a privilege is made by the Court.

        e.      If a claim is made of privileged production, whether inadvertent or through production Clawback Privilege Material, or use of Clawback Privileged Material in a manner inconsistent with Paragraph 14 of this Order, the Receiving Person must return to the Producing Person within 7 days of receipt of written notice the information (including, without limitation, all copies) the subject of the claim of privileged production or inappropriate use of Clawback Privileged Material; and the Receiving Person and its counsel shall not review, evaluate or otherwise use the information or summaries or notes

14

thereof for any purpose whatsoever until the claim has been resolved by an agreement in writing between the Producing Person and the Receiving Person or by further order of the Court. The return by the Receiving Person of information the subject of a claim of privilege shall neither constitute any admission of the privilege status of the material nor prejudice the Receiving Person's right to seek production of the material on any grounds through an appropriate application to the Court.

        f.     A Producing Person shall be obligated to make a reasonably prompt claim of privileged production or inappropriate use of Clawback Privileged Material upon becoming aware of the actual existence of claimed privileged material within a production or use of such material by a Receiving Person. If a Producing Person complies with this Subparagraph (f), such Party shall be deemed to have acted timely and adequately to rectify any inadvertent disclosure or inappropriate use of any Clawback Privileged Material.

        i.     If a disagreement arises regarding the validity of a claim of privilege, or inappropriate use of Clawback Privileged Material such material shall automatically be deemed to be designated as "Highly Confidential." The Producing Person and Receiving Person shall meet and confer in good faith to resolve any disputes that arise regarding the privilege status or the claim of inappropriate use of Clawback Privileged Material. The Receiving Person shall comply with Paragraph 14(e) of this Order, except insofar as deviation from such provision is agreed to by the Producing Person

        ii.     Nothing, however, shall prevent any Receiving Person from asserting that a waiver of an attorney-client, work product or other applicable privilege or immunity has occurred from circumstances other than the production of Clawback Privileged Material in accordance with the terms of this Order.

      15.     <u>Confidential or Privileged Information Produced in Separate Litigation.</u>

        a.     If any documents or other information were produced in litigation separate from the IOI Bankruptcy Cases, (e.g., *the Khan Bankruptcy Cases*), such production does not does not alter or waive the protected and confidential nature of information otherwise deserving of a Confidential Information designation and does not remove it from the scope of this Order upon its proper designation

in accordance with Paragraph 7, above.

      b.     If any documents or other information, subject to a claim of attorney-client privilege or attorney work product (or any other applicable privilege or immunity protecting otherwise relevant information from disclosure), were produced in litigation separate from the IOI Bankruptcy Cases, (e.g., *the Khan Bankruptcy Cases*), such production shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other claim of privilege or immunity that the Producing Person or its counsel otherwise has.

      c.     A Party that produced documents or other information in litigation separate from the IOI Bankruptcy Cases, (e.g., *the Khan Bankruptcy Cases*), prior to entry of this Order may retroactively designate such previously produced information as Confidential Information pursuant to Paragraph 7 or seek the return of information subject to a claim of attorney-client privilege or attorney work product (or any other applicable privilege or immunity protecting otherwise relevant information from disclosure) pursuant to Paragraph 15(b).

      d.     The later designation of information as privileged is effective only upon the day of written notice and not retroactive to the date of initial production of the information. The use of privileged information during the period of time between the production and the later designation of information as privileged will not constitute a violation of this order.

      16.    <u>Right to Withhold Privileged Information and Information That is Otherwise Outside the Scope of Discovery.</u> Nothing in this Order shall preclude a Producing Person from withholding from discovery (or redacting from otherwise discoverable material) any material that is privileged, otherwise protected by law from disclosure, outside the scope of discovery and/or Bankruptcy Rule 2004, as that scope may be modified by any orders of the Court.

      17.    <u>Producing Person's Own Disclosure of Confidential Information.</u> This Order does not restrict or limit a Producing Person's ability to disclose its own materials and information as it sees fit, including its own voluntary disclosure of Confidential Information to persons not specified in Paragraph 6 above.

18.     <u>Confidential Information Provided To Committee.</u>  The Committee shall not be required to disclose any Confidential Information to creditors as part of its obligation to provide access to information to creditors under 11 U.S.C. § 1102(b)(3).

19.     <u>Modification of Protective Order.</u>

a.      Any Party may seek modification of this Order by application to the Court with proper notice to the other Parties and applicable non-party Producing Persons.

b.      Any Party may apply for an order seeking additional safeguards with respect to the use and handling of Confidential Information and/or Clawback Privileged Material with proper notice to the other Parties.

20.     <u>Return of Confidential Information After Close or Dismissal of Relevant Cases.</u>

a.      Except as otherwise agreed in writing by the Parties and as provided below, within 30 days after the close or dismissal of the IOI Bankruptcy Cases, the Khan Bankruptcy Cases, the Related Adversary Proceedings, the N.D. Ohio Case and the Khan DR Proceeding, all Confidential Information and all copies thereof (including, without limitation, copies provided to testifying or consulting experts) that can be located through a diligent and thorough search shall be returned to the Producing Person or, alternatively, the Receiving Person's counsel shall certify in writing to the Producing Person that all such information has been destroyed.

b.      Notwithstanding Subparagraph (a) above, counsel of record for a Party may each retain one archival copy of court filings, deposition transcripts and exhibits, court transcripts and exhibits, counsel's own work product and counsel's correspondence with its client(s), even if such materials include or refer to Confidential Information; provided that any materials that include or refer to Confidential Information shall continue to be subject to all of the restrictions and protections set forth this Order.

21.     <u>Duration and Enforcement of Order.</u>

a.      Absent written permission of a Producing Person or Designating Person, as applicable, or further order of the Court, this Order shall continue to be binding throughout and after any

transfer, conversion, close, or dismissal of the IOI Bankruptcy Cases.

       b.     This Court may, in its discretion, hold any Party or person that violates this Order in Contempt of Court, and may award the non-violating Party or Parties their reasonable expenses, including attorney's fees, incurred as a result of the violation.

      22.    Other Applicable Laws. Regardless of whether a document or other material is designated Confidential Information and in addition to the restrictions on use of Confidential Information contained in this Order, all Parties shall comply with all applicable laws and regulations related to the protection of Social Security numbers, financial institution account numbers and records, and any other "personally identifiable information," as defined by applicable laws or regulations.

      23.    Counterpart Signatures.   This Order may be executed in counterparts. Facsimile signatures and signatures sent via email and .PDF are binding and may be used in lieu of originals.

      24.    Production of Documents and Information To The Debtors.  The Committee may produce Documents and Information produced by Lake City Bank pursuant to this Protective Order to the Debtors in these cases. The Committee shall designate such Documents and Information, in the hands of the Debtors, shall be subject to the terms of the Protective Order entered at Docket No. 598.

Dated: January 9, 2020

      Nathan Q. Rugg
      Stanley F. Orszula (admitted pro hac vice)
      W. Scott Porterfield (admitted pro hac vice)
      Barack Ferrazzano Kirschbaum & Nagelberg LLP
      200 West Madison Street, Suite 3900 Chicago, IL 60606
      Telephone: (312) 984-3100
      Facsimile: (312) 984-3150
      Email: nathan.rugg@bfkn.com
      Email: stan.orszula@bfkn.com
      Email: scott.porterfield@bfkn.com
      *Attorneys for Lake City Bank*

Dated: January 9, 2020

Ice Miller LLP

Louis T. DeLucia
Alyson M. Fiedler
1500 Broadway, 29th Floor
New York, NY 10036
P: 212.835.6315 F: 212.835.6316
Email: Louis.DeLucia@icemiller.com
Email: Alyson.Fiedler@icemiller.com

Jeffrey A. Hokanson (RD)
One American Square, Suite 2900
Indianapolis, IN 46282-0200
P: 317.236.2236 F: 317.592.4809
Email: jeff.hokanson@icemiller.com

HAMMERSCHMIDT,  AMARAL & JONAS

R. William Jonas, Jr.
137 N. Michigan Street
South Bend, IN 46601
P: 574.282.1231 F: 574.282.1234
Email: rwj@hajlaw.com

*Counsel for the Committee*

**ORDER**

The Parties having stipulated to this Order, and good cause appearing, **IT IS HEREBY**

**ORDERED** that this *Stipulated Protective Order* be, and it hereby is, made an order of the Court.

**IT IS SO ORDERED.**

Dated:  ___January 15, 2020___          _____
                                                         United States Bankruptcy Judge

**APPENDIX A**

**ACKNOWLEDGEMENT AND AGREEMENT
TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [*print or type full name*], declare under penalty of

perjury of the laws of the State of Indiana and the United States that:

1. My address is: _____

2. My employer is: _____

3. My occupation is: _____

4. I have read in its entirety and understand the Stipulation and Protective Order (the

"Order") in the case styled INTERLOGIC OUTSOURCING, INC., *et al.*, Case No. 19-31445-HCD,

pending in the United States Bankruptcy Court for the Northern District of Indiana (the "IOI Bankruptcy

Cases").

5. I agree to comply with and to be bound by all the terms of the Order, and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment, including being

held in contempt of court. I will hold in confidence, will not disclose to anyone not qualified under the

Order, and will use only for purposes expressly provided under the Order all "Confidential" or "Highly

Confidential" information, including any transcripts, notes about or summaries of such information.

6. I hereby submit to the jurisdiction of this Court for purposes of enforcement of the Order,

even if such enforcement proceedings occur after closure or dismissal of the IOI Bankruptcy Cases.

Date: _____     Signature: _____

                              Printed Name: _____

                              City and State Where Signed: _____