UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

———————————————

In re:

INTERLOGIC OUTSOURCING, INC.,      Case No. 20-00325-swd
IOI PAYROLL SERVICES, INC.,      Hon. Scott W. Dales
IOI WEST, INC.,      Chapter 11
LAKEVIEW HOLDINGS, INC.,      (Jointly Administered)
LAKEVIEW TECHNOLOGY, INC.,
MODEARN, INC., and
TIMEPLUS SYSTEMS, LLC,[1]

             Debtors.
_____/

ORDER REGARDING *EX PARTE* MOTION TO SHORTEN NOTICE AND SCHEDULE
AN EXPEDITED HEARING ON THE MOTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR STANDING AND AUTHORITY TO BRING CLAIMS
AGAINST KEYBANK ON BEHALF OF THE DEBTORS' ESTATES

PRESENT:    HONORABLE SCOTT W. DALES
                           Chief United States Bankruptcy Judge

      By Order dated January 21, 2020 (the "Transfer Order") the Hon. Harry C. Dees, Jr., United States Bankruptcy Judge for the Northern District of Indiana, transferred to the Western District of Michigan seven chapter 11 cases jointly administered under the lead case of *Interlogic Outsourcing, Inc.*, Case No. 19-31445-HCD *et al.* (the "IOI Cases"), and several adversary proceedings. The premise of the Transfer Order is the relationship between the IOI Cases and the chapter 11 cases of *Najeed Ahmed Khan*, Case No. DK 19-04258, and related cases filed in the Western District of Michigan.[2] Before transferring the IOI Cases, Judge Dees also entered an

---

[1] The Debtors in the Northern District of Indiana chapter 11 cases (together, the "IOI Debtors") include: Interlogic Outsourcing, Inc., Case No. 20-00325-swd; IOI Payroll Services, Inc., Case No. 20-00326-swd; TimePlus Systems, LLC, Case No. 20-00332-swd; IOI West, Inc., Case No. 20-00327-swd; Lakeview Technology, Inc., Case No. 20-00330-swd; Lakeview Holdings, Inc., Case No. 20-00329-swd; and ModEarn, Inc., Case No. 20-00331-swd.

[2] Related Debtors include: Khan Aviation, Inc., Case No. 19-04261-swd; GN Investments, LLC, Case No. 19-04262-swd; KRW Investments, Inc., Case No. 19-04264-swd; NJ Realty, LLC, Case No. 19-04266-swd; NAK Holdings, LLC, Case No. 19-04267-swd; and Sarah Air, LLC, Case No. 19-04268-swd.

Order dated August 16, 2019, directing joint administration of the IOI Cases (the "Joint Administration Order"). The court presumes the Joint Administration Order and other orders entered in the IOI Cases establish the law of the case, unless and until modified for compelling reasons in accordance with applicable law and rules. *Gillig v. Advanced Cardiovascular Sys., Inc.*, 67 F.3d 586, 590 (6th Cir. 1995) ("pre-transfer rulings constitute the law of the case and should not be lightly disturbed").

Because the courts were experiencing logistical and technical difficulties in transferring the electronic dockets of the IOI Cases and creating new electronic dockets in the Western District of Michigan, the Committee of Unsecured Creditors (the "Committee") filed an *Ex Parte* Motion to Shorten Notice and Schedule an Expedited Hearing on the Motion of the Official Committee of Unsecured Creditors for Standing and Authority to Bring Claims Against KeyBank of Behalf of the Debtors' Estates (the "Motion to Shorten," ECF No. 730[3]) and a Motion for Entry of Order Confirming Standing and Authority to Bring Claims Against KeyBank on Behalf of the Debtors' Estates (the "Standing Motion," "ECF No. 727) in the Northern District of Indiana bankruptcy court, with the understanding that the Western District of Michigan bankruptcy court would address both motions.

Given the proximity to the February 9, 2020 "Challenge Deadline" imposed by Judge Dees's Final Order (1) Authorizing Post-petition Secured Super Priority Financing Pursuant to Bankruptcy Code Sections 105(a), 362, 364(c)(1), 364(c)(2), 364(c)(3) and 364(d), (II) Authorizing the Debtors' Use of Cash Collateral Pursuant to Bankruptcy Code Section 363(c), (III) Granting Adequate Protection Pursuant to Sections 361, 363 and 264 of the Bankruptcy Code, And (IV) Modifying the Automatic Stay (the "Final DIP Order," (ECF No. 264), and the risk of confusion and delay associated with transferring the cases from the Northern District of Indiana, the court will extend the February 9, 2020 Challenge Deadline to March 9, 2020. The Motion recites, under the stricture of Rule 9011, that counsel for KeyBank agreed to extend the Challenge Deadline to March 9, 2020 but the parties have not yet documented the extension. In any event, under Rule 9006(b)(1) the court has authority, for cause, to extend court-ordered deadlines, like the Challenge Deadline. The confusion surrounding the transfer and developments in all of the

---

[3] All ECF numbers in this Order refer to the Northern District of Indiana bankruptcy case docket for Case No. 9-31445-hcd.

related cases constitutes "cause" to give the parties more time to discuss the issues relating to KeyBank and its liens. The extension of the deadline also gives the moving party additional time to reconsider whether the Standing Motion is necessary, given the court's view, expressed above, that Judge Dees's prior orders represent the law of the case unless and until modified.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. The Committee's Motion to Shorten is GRANTED in part and DENIED in part;

2. The Challenge Deadline is enlarged to March 9, 2020; and

3. The Clerk shall schedule a hearing on the Standing Motion well in advance of the deadline as enlarged.

IT IS FURTHER ORDERED that the Clerk shall serve this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtors and all parties who requested notice of these proceedings.

END OF ORDER

**IT IS SO ORDERED.**

**Dated January 28, 2020**



Scott W. Dales
United States Bankruptcy Judge