IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re: | Case No. 20-00325-swd |
| INTERLOGIC OUTSOURCING, INC., *et al.*[1], | Chapter 11 |
| Debtors. | (Jointly Administered) |

## MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER REQUIRING BANKRUPTCY RULE 2004 EXAMINATION

The Official Committee of Unsecured Creditors, (the "Committee"), by its counsel, moves the Court pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule 2004") for an Order authorizing the examination of the individuals and entities identified on Schedule A below (the "Deponents"), and authorizing the Committee to issue the Subpoenas substantially in the form of those attached hereto as Group Exhibit A to each listed individual or entity (the "Motion"). In support of the Motion, the Committee states as follows:

### Background

1.     The above-captioned Debtors filed voluntary petitions commencing these jointly administered cases on August 10, 2019 and August 11, 2019 ("Petition Dates").

2.     These cases are being jointly administered in accord with this Court's Order of August 16, 2019 [Dkt. No. 101].

3.     On August 22, 2019, the United States Trustee, pursuant to 11 U.S.C. § 1102, appointed the Committee.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Interlogic Outsourcing, Inc. (1273); IOI Payroll Services, Inc. (1202); TimePlus Systems, LLC (9477); IOI West, Inc. (1405); Lakeview Technology, Inc. (1451); Lakeview Holdings, Inc. (7589); and ModEarn, Inc. (3473).  The location of the Debtors' headquarters is: 1710 Leer Drive, Elkhart, Indiana 46514.

CO\6355154.4

4.      Prior to the Petition Dates, Debtor Interlogic Outsourcing, Inc. ("IOI"), its principal, Najeeb Khan ("Khan"), and likely their affiliates, engaged in check kiting and other schemes involving hundreds of millions of dollars of customer funds, which appear to have been diverted from IOI to Khan and others.

5.      On July 9, 2019, KeyBank National Association ("KeyBank"), with which IOI had a cash management and depository account agreement, discovered that a series of checks that Khan had caused Debtor IOI to deposit into its payroll processing accounts with KeyBank were being returned for insufficient funds.  Khan had previously caused Debtor IOI to initiate wire transfers from the same payroll processing accounts at KeyBank, leaving those accounts in a substantial overdraft position (the "Overdraft Event").

6.      Most, if not all, of the diverted funds were IOI customer deposits intended to be used by IOI to pay the customers' payroll and payroll taxes.  Although most of the payroll payments may have been made to the customers' employees, it appears that many of the payroll tax obligations were not paid, in violation of IOI's agreements with its customers and applicable law.  The funds earmarked for payroll taxes were apparently diverted for Khan's benefit or for the benefit of one or more of the 29 other companies operated by Khan, and potentially others.

7.      Immediately following the Overdraft Event, KeyBank obtained a court order in the United States District Court for the Northern District of Ohio freezing all assets held by IOI and Khan.  Thereafter, on July 12, 2019, KeyBank demanded that IOI and Khan grant KeyBank a security interest in all of their assets to secure, among other things, KeyBank's alleged unsecured prepetition liability resulting from the Overdraft Event.[2]

---

[2]      Upon information and belief, Khan granted KeyBank liens and mortgages on real estate in various states across the country and personal property, and equity pledges of his interests in numerous corporate affiliates.  The Committee is in the process of evaluating the degree to which KeyBank may actually be secured or oversecured as of the Petition Dates by property other than assets of the estate.

2

8.     On July 19, 2019, IOI executed a Demand Promissory Note in favor of KeyBank in the amount of $1.4 million (the "Pre-Petition Loan"), ostensibly to finance IOI's continued operations in the near term.  This new $1.4 million note was also secured by a security interest in all of IOI's assets.  With this financing in hand, IOI assured its customers that IOI would be conducting business as usual in an effort to prevent customers from terminating their relationships with IOI.

9.     Only three weeks later, the Debtors filed the instant Chapter 11 cases.

10.     Upon information and belief, each of the banks, accountants, and auditors listed on Schedule A did business with the Debtors and/or Khan and (a) handled funds involved in Khan's scheme, (b) possess information about the Debtors' finances and cash flow during the relevant time period, or (c) received transfers from the Debtors that may be avoidable.

11.     The Committee is a party in interest entitled under Bankruptcy Rule 2004 to seek an order for the examination of all persons and entities on Schedule A; for any, or all, of the reasons and purposes described in Bankruptcy Rule 2004(b), and for the production of documents under Bankruptcy Rule 2004(c).[3]

12.     Moreover, pursuant to 11 U.S.C. §1103(c)(2), the Committee is empowered to "…*investigate the acts, conduct, assets, liabilities, and financial condition of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or the formulation of a plan...*"  The discovery sought by the requested Bankruptcy Rule 2004 Subpoenas is essential to the Committee's ability to perform its duties.

---

[3]     As stated above, draft copies of the Subpoenas substantially in the form of those proposed to be issued by the Committee are attached as Exhibit A.

13.     In accordance with LBR 2004, counsel for the Committee contacted each of the entities identified on Schedule A in order to coordinate a time and place to conduct a Bankruptcy Rule 2004 examination.  Counsel's efforts with each entity were as follows:

a.      **1st Source Bank**.  On January 30, 2020, undersigned counsel for the Committee reached out to Jeff Johnson and Jon Rogers at the law firm of May Oberfell Lorber, counsel of record for 1st Source Bank.  The parties have agreed that they will select a time and date mutually agreeable to the parties to conduct a Bankruptcy Rule 2004 examination after 1st Source Bank responds to the Committee's requests for the production of documents.

b.      **PNC Bank**.  On January 30, 2020, undersigned counsel for the Committee reached out to PNC Bank through its general customer service line as it has no published contact information for its legal department.  After asking to be transferred to legal, counsel was transferred to the garnishment department and then disconnected.  Counsel again called, and upon asking to be transferred to the legal department, was connected with subpoena processing and instructed to leave a voicemail for a paralegal in that department.  Counsel did so, but has received no response.

c.      **Bank of America**.  On January 30, 2020, undersigned counsel for the Committee reached out to Bank of America through its general customer service line as it has no published contact information for its legal department.  Counsel was unable to reach a human being via the general customer service line.  Counsel was able to locate a separate phone number for Bank of America's subpoena and court orders department. After asking to be transferred to the legal department, counsel was transferred to an employee in the bankruptcy department who refused to discuss the Motion and promptly disconnected.  Counsel called again, and upon asking to be transferred to the legal department, was directed to leave a voice mail in the discovery department.  Counsel did so, but has received no response.

d.      **Crowe, LLP**.  On February 3, 2020, counsel for the Committee called and left a voicemail for Craig Sullivan of Crowe LLP, the signatory on the engagement letter between Crowe and the Debtors, explaining the circumstances of the call and requesting the identity of the attorneys representing Crowe in these matters. Counsel never received a return call. Counsel followed up on February 18, 2020, leaving another voicemail for Mr. Sullivan and also spoke with the receptionist at Crowe's South Bend office, who took down our request for the identity of Crowe's legal counsel, but could not direct us to the appropriate individual.

e.      **Cornerstone CPA Group, LLP**.  Counsel for the Committee conferred with Cornerstone's counsel on February 19, 2020.  The parties have agreed that they will select a time and date mutually agreeable to the parties to conduct a Bankruptcy Rule 2004 examination after Cornerstone responds to the Committee's requests for the production of documents.

4

Counsel for the Committee submits that that its efforts have satisfied the requirements of LBR 2004.  With respect to 1st Source Bank and Cornerstone, counsel for each of 1st Source Bank and Cornerstone have both agreed that a Bankruptcy Rule 2004 examination will be set at a later time and date mutually agreeable to the parties pending document production.  With respect to PNC Bank, Bank of America, and Crowe, counsel for the Committee spent over an hour attempting to meet and confer via telephone.  The Committee proposes to treat these three entities similarly to 1st Source Bank and Cornerstone, and asks that the Court authorize the issuance of a subpoena for the production of documents with a Bankruptcy Rule 2004 examination to be set at a later time and date mutually agreeable to the parties.

WHEREFORE, the Committee prays the Court issue an order for Bankruptcy Rule 2004 examination and document production from the parties and entities set forth on the attached Schedule A, as set forth above at times and places to be designated by the Committee and for the issuance of subpoenas substantially in the form of the subpoenas set forth on the attached Exhibit A.

Dated: February 20, 2020

Respectfully submitted,

ICE MILLER LLP

*/s/ John C. Cannizzaro*
Daniel Anderson (admitted pro hac vice)
John C. Cannizzaro (admitted pro hac vice)
250 West Street, Suite 700
Columbus, OH 43215
Telephone: (614) 462-2700
daniel.anderson@icemiller.com
john.cannizzaro@icemiller.com

Louis T. DeLucia (admitted pro hac vice)
Alyson M. Fiedler (admitted pro hac vice)
1500 Broadway, Suite 2900
New York, NY 10036
Telephone: (212) 835-6312
louis.delucia@icemiller.com
alyson.fiedler@icemiller.com

HAMMERSCHMIDT, AMARAL & JONAS

R. William Jonas, Jr. (admitted pro hac vice)
137 N. Michigan St.
South Bend, IN 46601
Telephone: 574-282-1231
Fax: 574-282-1234
Email: rwj@hajlaw.com
*Counsel for the Official*
*Committee of Unsecured Creditors*

CO\6355154.4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 20, 2020, a copy of the MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER REQUIRING BANKRUPTCY RULE 2004 EXAMINATION and the attachments thereto were filed electronically with the Clerk using the CM/ECF system, which sent notification of such filing to all counsel of record, including (a) counsel for the Debtor, (b) the United States Trustee, (c) counsel for the Chapter 11 Trustee for Najeeb A. Khan, (d) counsel for the Chapter 11 Trustee for Khan Aviation, Inc., *et al.*, and (e) counsel for the Creditor's Committee for the estate of Najeeb A. Khan.

I further certify that on February 20, 2020, the same was served on the following entities, postage prepaid, using the methods specified below:

1st Source Bank
Attn:  Jeffrey A. Johnson, attorney
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN 46545
**[via first class mail and email]**

Crowe, LLP f/k/a Crowe Horwath LLP
Attn: Craig D. Sullivan
330 East Jefferson Boulevard
South Bend, IN 46624-0007
**[via certified mail]**

PNC Bank, National Association
Attn: William S. Demchak, President
222 Delaware Avenue
Wilmington, DE 19899
**[via certified mail]**

Cornerstone CPA Group, LLP
c/o O'Neill McFadden & Willet LLP
Attn: Robert J. Dignam
833 W. Lincoln Highway, Suite 410W
Schererville, Indiana 46375
**[via first class mail and email]**

Bank of America, National Association
Attn: Brian T. Moynihan, CEO
100 North Tryon St
Charlotte, NC 28202
**[via certified mail]**

*/s/ John C. Cannizzaro*
John C. Cannizzaro

CO\6355154.4

**SCHEDULE A**

**LIST OF ENTITIES SUBJECT TO RULE 2004 EXAMINATION**

1st Source Bank
PNC Bank, National Association
Bank of America, National Association
Crowe, LLP
Cornerstone CPA Group, LLP

CO\6355154.4