B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re _____
 Debtor

Case No. _____

Chapter _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: _____
*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☐ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of **Fed. R. Civ. P. 45**, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

 CLERK OF COURT

 OR

 _____       _____
 *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ ,  who issues or requests this subpoena, are:

_____

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                    _____
                                                                        *Server's signature*

                                                    _____
                                                                        *Printed name and title*

                                                    _____
                                                                        *Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## RIDER TO SUBPOENA TO ACCOUNTANT

**A.**    **INSTRUCTIONS**

1.    In producing the Documents called for by this request, the respondent is requested to identify the Documents produced according to the specific number or numbers of the request herein to which they relate.

2.    Documents to be produced include, without limitation, any responsive Document that was or is prepared, kept, maintained for the personal use, in the personal files, or the personal property of the Respondent.

3.    All Documents requested herein are to be provided if they are in the possession, custody or control of, or are available or accessible to the respondent or its agents, consultants, accountants, counsel, investigators, representatives, or any other Entity (as hereinafter defined) acting for the Respondent or on the Respondent's behalf.

4.    A request for a Document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document, in addition to the Document itself.

5.    A request for any Document shall be deemed to include a request for all drafts thereof and all revisions, or modifications thereto, all non-identical copies thereof, in addition to the Document itself.

6.    Each document and thing requested shall be produced in its entirety. If a document or thing responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

1

C\1461186.2

7.      If any part of a document or thing is responsive to any of the following requests, the entire document or thing should be produced.

8.      If any Document is withheld by the respondent under a claim of privilege, the respondent is requested to furnish a list signed by the person supervising the production of Documents called for by this notice identifying and describing each Document for which the privilege is claimed, together with the following information with respect to each such Document:

<blockquote>

a.      title and date;

b.      author, signer, any person who participated in its preparation and/or sender;

c.      subject matter;

d.      number of pages;

e.      persons to whom copies were furnished or known to have seen the Document, together with their employer and job title;

f.      the present custodian of the document;

g.      the basis on which the privilege is claimed;

h.      the nature of the privilege asserted as a basis for withholding the document.

i.      the name, employment, and title of each person to whom the document was sent or furnished, or who viewed or has custody of the document;

j.      a brief description of the document sufficient to permit a court to adjudicate the validity of the privilege claimed; and,

k.      k.      the paragraph of this request to which the document relates. In the case of any document relating in any way to a meeting or other conversation, all participants in the meeting or conversation are to be identified.

</blockquote>

9.      Where an objection is made to any document request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Bankruptcy Procedure and/or the Local Rules of Bankruptcy Procedure for the Western District of Michigan, or any extensions thereof, shall be waived.

C\1461186.2

10.     If any document requested herein was formerly in the possession, custody or control of the responding party/parties and has been lost or destroyed, the responding party/parties is requested to submit in lieu of each such document a written statement which:

a.     Describes in detail the nature of the document and its contents;
b.     Identifies the person who prepared or authored the documents and, if applicable, the person to whom the document was sent;
c.     Identifies the addressees and/or all persons to whom it was distributed and/or shown;
d.     Specifies the date on which the document was prepared and/or transmitted;
e.     Specifies, if possible, the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction;
f.     Identifies the person who destroyed or disposed of the document;
g.     Identifies the person who authorized the destruction and/or disposition of the document; and
h.     Identifies the document request or requests to which the document is responsive.

11.     The use of the past tense includes the present tense unless otherwise delimited.

12.     This request for production of Documents shall be deemed continuing and, as such, the Respondent is required to produce in the form of supplementary Document production any Document requested herein that is unavailable to the Respondent at the time of the production but which becomes available to the Respondent or to any of its agents or representatives until the conclusion of the proceeding herein. Furthermore, the Respondent is required to provide prompt supplemental responses if the Respondent obtains or discovers further Documents described herein between the time of responding to this request and the time of any hearing or trial in this matter, which supplemental responses shall be served within ten (10) days after the additional response is obtained, but in no event later than twenty (20) days prior to the first date fixed for trial in this matter.

3

C\1461186.2

13.     Each document shall be produced as kept in the usual course of business and shall be produced in such a fashion as to clearly indicate the identity of the file in which such document was located. Each document shall be organized and labeled to correspond to the paragraphs to which they respond. Each document shall be produced in and with the file folder and other documents (e.g. envelope, file cabinet marker) in or with which the document was located when this request was served.

14.     If a document was prepared in several copies, or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of the document, each of such non-identical copies must be produced. MOREOVER, THE FACT THAT A DOCUMENT HAS BEEN OR SHALL BE PRODUCED BY ONE PARTY DOES NOT RELIEVE ANY OTHER PARTY FROM THE OBLIGATION TO PRODUCE HIS, HER OR ITS COPY OF THE SAME DOCUMENT, EVEN IF THE TWO DOCUMENTS ARE IDENTICAL IN ALL RESPECTS.

15.     When an individual, partnership or other non-corporate entity is referred to herein, said reference shall be construed to include that individual, partnership or other noncorporate entity in any capacity and any and all agents, employees, representatives, attorneys, members, family members, predecessors and/or successors in interest, affiliates, departments or divisions and all other persons or entities acting on his/her/its behalf or under his/her/its control, whether in the past or in the present.

16.     When a corporation or a corporate entity is referred to herein, said reference shall be construed to include all predecessors and successors in interest, all affiliates, agents, representatives, departments, divisions or subsidiaries of any of the foregoing, whether in the

4

C\1461186.2

past or the present, and all present and former directors, officers, representatives, employees, attorneys, agents and any other person or entities acting on its behalf or under its control.

17.     <u>Form of Production</u>.  All scanned paper and electronic stored information should be converted/processed to TIFF files, Bates numbered, and include fully searchable text. Additionally, email and native file collections should include linked native files.

18.     <u>Bates numbering documents</u>.  The Bates number must be a unique, consistently formatted identifier, i.e., an alpha prefix along with a fixed length number.  The number of digits in the numeric portion of the format should not change in subsequent productions, nor should spaces, hyphens, or other separators be added or deleted.

19.     <u>Production Specifications</u>.  The following describes the specifications for producing image-based productions and the load files required for loading to the Committee's litigation support software.

        a.      Images should be single-page, Group IV TIFF files, scanned at 300 dpi.
        b.      The text files should be multi-page.
        c.      Files names cannot contain embedded spaces.
        d.      Bates numbers should be endorsed on the lower right corner of all images.
        e.      The number of TIFF files per folder should not exceed 500 files.

20.     <u>Image Load File</u>.  Provide a Concordance (.dat) file that contains document boundaries.

21.     <u>Document Text</u>.  For documents that were originally stored as native electronic files and which do not have redactions, the extracted, full text from the body of each document will be produced in a separate .txt file named for the beginning bates number of the document, in the same directory as the image of the first page of the document.  For documents that were originally stored as native electronic files and which have redactions, the OCR text will be

5

produced from the redacted image(s) associated with each document, with the text from each document stored in a separate .txt file named for the beginning bates number of the document, in the same directory as the image of the first page of the document.  Any redacted, privileged material should be clearly labeled to show the redactions on the tiff image.

22.    <u>Special File Types</u>.  For files created by Excel or other spreadsheet programs, PowerPoint or other presentation programs, database files, and any other file types that reasonably require viewing in their native format for a full understanding of their content and meaning, produce the file in native format.  The produced file should be named with the bates number of the first page of the corresponding tiff production of the document (e.g., "ABC00001.xls").

23.    <u>Document Metadata</u>.  Produce extracted metadata for each document in the form of a .dat file, and include the following fields:

| Field | Description |
| --- | --- |
| Bates_Begin | The Bates label of the first page of the document |
| Bates_End | The Bates label of the last page of the document |
| Attach_Begin | The Bates label of the first page of a family of documents (e.g., email and attachment) |
| Attach_End | The Bates label of the last page of a family of documents |
| Title | The subject of an email or the filename of an attachment or stand-alone e-file |
| Sent_Date | For email, the sent date of the message |
| Sent_Time | For email, the sent time of the message converted to GMT |
| Create_Date | For efiles or attachments, the document's creation date or operating system creation date |
| Create_Time | For efiles or attachments, the document's creation time or operating system creation time converted to GMT |
| Modified_Date | For efiles or attachments, document's last modified date or operating system last modified date |
| Modified_Time | For efiles or attachments, the document's last modified time or operating system last modified time converted to GMT |
| Efile_Author | The author of a stand-alone efile or attachment |

6

| Field | Description |
|---|---|
| Email_Author | The sender of an email message (email FROM) |
| Recipient | The recipients of an email message (email TO) |
| CC | The copyee(s) of an email message (email CC) |
| BCC | The blind copyee(s) of an email message (email BCC) |
| Custodian | The custodian in whose file the document was found |
| Folder | Email folder information or the original file path of the native file |
| MD5 | The calculated MD5 hash value of the document |
| Native_File | The file path to the location of the native file if produced |
| Conf_Desig | The confidentiality designation, if any, for the document pursuant to any protective order in the case. |

## B.    **DEFINITIONS**

1.      The term "document" shall be construed to the broadest extent permitted by the Federal Rule of Civil Procedure 34(a). "Document" means and includes without limitation all written or printed matter of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notes made on such copies or otherwise, including without limitation, correspondence, memoranda, notes (handwritten, typed or otherwise), evidence, affidavits, statements, letters, diaries, journals, date-books, day-timers, calendars, minutes, agendas, contracts, reports, studies, checks, statements, receipts, summaries, interoffice and intraoffice communications, electronic mail messages, ledgers, offers, performance evaluations, notations of any sort of conversation (including without limitation telephone conversations or meetings) and all drafts, alterations, modifications, changes or amendments of any of the foregoing, and any and all mechanical, magnetic, audiotape, videotape or electronic recordings or reproductions of any kind of any of the foregoing which are in the possession, custody or control of the respondent and/or its present or former attorneys, agents or representatives. "Document" also includes data stored or contained in computers,

7

computer tapes, computer discs or any other computer-related device and videotapes and audiotapes.

2.      "Accounts" means all checking, saving, money market, investment or other deposit account (as that term is defined by Section 4-104(a)(1) of the Uniform Commercial Code).

3.      "Respondent," "Accountant," and/or "Auditor" means the person or entity to whom the Subpoena is directed.

4.      "Referring to or relating to" means containing, constituting, evidencing, showing or relating or referring to in any way, directly or indirectly, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

5.      "Oral communications" or "discussions" means any verbal conversation or other statement from one person to another, including, but not limited to, any interview, conference, meeting or telephone conversation which has been memorialized in any written or documentary form.

6.      "Communicate," "communicating," "communication" or "communications" means the transmittal of information, whether written or oral, in the form of facts, ideas, inquiries or otherwise, as well as any oral or written utterance, notation, statement or transmittal of any information of any nature whatsoever, by and to whomsoever made, including, without limitation, electronic mail, facsimile, correspondence, meetings, conversations, dialogues, discussions, interviews, consultations, agreements, and other understanding between or among two or more persons.

8

7.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8.      The use of the singular form of any word includes the plural and vice versa.

9.      "Case" or "Action" means each of the Debtors' jointly administered Chapter 11 bankruptcy cases (administered under case no. 19-31445-hcd but including each of the Debtors' cases).

10.     "Committee" means the official committee of unsecured creditors appointed in the Debtors' Case pursuant to 11 U.S.C. § 1102.

11.     "Court" means the United States Bankruptcy Court for the Northern District of Indiana.

12.     "Debtor" or "Debtors" means Interlogic Outsourcing, Inc. together with its affiliate Debtors that are jointly administered under Case No. 20-00325-swd, pending in the United States Bankruptcy Court for the Western District of Michigan, including without limitation each of Interlogic Outsourcing, Inc., IOI Payroll Services, Inc., IOI West, Inc., Lakeview Holdings, Inc., Lakeview Technology, Inc., Modearn, Inc., and Timeplus Systems LLC.

13.     "Disruption Date" means on or about July 8, 2019.

14.     "Docket" means the Court's docket for the Debtors' jointly administered Case No. 20-00325-swd.

15.     "Entity" shall mean a corporation, foreign corporation, not-for-profit corporation, profit and not-for-profit unincorporated association, limited liability company, partnership, trust, estate, or other organization which possesses a separate legal existence.

9

C:\1461186.2

16.     The term "asset" means anything tangible or intangible that is capable of being owned or controlled to produce value.

17.     The term "debt" means an amount owed for funds borrowed.

18.     "Estate" means the Chapter 11 estates of the Debtors.

19.     "Financial Record" means, with respect to a person, any document which pertains in any way to the financial condition, business, or business operations of that person, including, without limitation, the cash flows, profit-making operations, revenues, or overall financial condition of such person. For the avoidance of doubt, Financial Records shall include, but not be limited to, any income statements, balance sheets, cash-flow statements, profit-and-loss statements, audit reports, account statements, tax returns, and reports on or reflecting any of the Debtors' business operations, whether in draft or final form.

20.     "Khan" means Najeeb Khan, former President and CEO of the Debtors.

21.     "Khan-Related Entities" means any of Nancy Khan, Cearah Enterprises, LLC, GN Investments, LLC, K&S Ventures, LLC, KR7525, LLC, KRW Investments, Inc., Merlin Energy, LLC, Merlin Ventures, LLC, NAP Realty, LLC, NJ Realty, LLC, Sarah Air, LLC, Data Realty, LLC, Seema Health Inc., Semma Agarwal, and NAK Holdings, LLC, or any other entity which is owned or controlled by Khan.

22.     "Petition Date" means August 12, 2019, the date on which the Bankruptcy Case was commenced.

23.     "Person" shall mean natural persons and shall include any "entity" as such term is defined at 11 U.S.C. § 101(15).

24.     "UST" means United States Trustee.

10

C\1461186.2

25.    "You" or "Your" shall refer to the entity to whom this subpoena is directed, and includes its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

26.    The term "identity," "identify" or "identification" means when used in reference to:

    a.    a natural person, his or her:
        i.    full name;
        ii.    present or last known home and business address (including street name and number, city or town, and state); and
        iii.    present or last known position, business affiliation, and job description.

    b.    a company, corporation, association, partnership or any legal entity other than a natural person, its:
        i.    full name and type of organization or entity;
        ii.    address of principal place of business; and
        iii.    jurisdiction and date of incorporation or organization, if known.

    c.    a document:
        i.    its description (e.g.: letter, memorandum, report, etc.);
        ii.    its title and date, and the number of pages thereof;
        iii.    its subject matter;
        iv.    the identity of its author, signer, and any person who participated in its preparation;
        v.    the identity of its addressee or recipient;
        vi.    the identity of each person to whom copies were sent and each person who received copies including but not limited to "cc's" and "bcc's";
        vii.    if applicable, its Bates number or other number of identification; and
        viii.    its present location and the identity of its custodian. (If any such document was, but is no longer in the possession of, or subject to Your control, state what and when disposition was made of it.).

    d.    a communication:
        i.    a statement of whether the communication was written or oral, and the medium of the communication (e.g., personal or telephone conversation, mail, e-mail, or other delivery service, telecopy, telegraph, or any other medium);the date, time and place when and where it occurred;
        ii.    the complete substance or the communication; and
        iii.    the identity of each person to whom such communication was made, each person by whom such communication was made,

and each person who was present when such communication was made.

26.     The term "describe" means to identify (as that term is defined herein) and to detail fully all underlying or related facts (and not mere reference to ultimate facts or conclusions of fact or law).

27.     The terms "concern," "relate to" "pertain to" and "with respect to," or any derivation thereof, shall mean relating to, referring to, describing, evidencing, constituting, or refuting.

28.     The terms "possession," "custody" and "control," as used with respect to a document or other requested material, shall include, in addition to all documents in the actual possession of Respondent, or its attorneys or agents, any materials, the location or proprietor of which is known to Respondent, its attorneys or agents.

29.     Except as otherwise specified herein, terms which are not defined in these Requests shall have the definitions given to those terms by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure (including the Federal Rules of Civil Procedure to the extent they are made applicable by the Bankruptcy Rules), and/or the Local Rules of Bankruptcy Procedure for the Northern District of Indiana.

## C.     <u>ADDITIONAL INSTRUCTIONS</u>

30.     Unless stated otherwise, the relevant period for each of the requests herein shall be from January 1, 2013 through the present (the "<u>Applicable Period</u>").

31.     The documents produced in response to these requests shall be organized in accordance with the individual requests made herein. Each document should be labeled to correspond with the categories in these requests.

C\1461186.2

32.     These requests are continuing in nature and require further and supplemental productions by You whenever You acquire or make additional documents between the date of the first production hereunder and the time of any trial or hearing in this action.

## REQUESTS

1.     All Financial Records prepared by or on behalf of or relating to (a) the Debtors, (b) Khan, and/or (c) the Khan-Related Entities during the Applicable Period.

2.     All agreements between you and any of the Debtors, Khan, or the Khan-Related Entities.

3.     All documents reflecting your internal policies and procedures for conducting an audit or financial reporting or analytical services to or on behalf of the Debtors.

4.     All documents reflecting your internal policies and procedures for preparing tax returns.

5.     All documents reflecting your internal policies and procedures with respect to conflicts of interest.

6.     All communications with the Debtors or any representative of the Debtors during the Applicable Period.

7.     All communications with any Khan-Related Entity or anyone purporting to act on behalf of any Khan-Related Entity, or relating to any Khan-Related Entity, during the Applicable Period.

8.     All communications with Khan, or relating to Khan, during the Applicable Period.

9.     All non-privileged communications regarding the Debtors, Khan, or the Khan-Related Entities, including, without limitation, with respect to your engagement therewith.

13

C\1461186.2

10.     All documents prepared by you in connection with the provision of any accounting or finance-related services to the Debtors, Khan, or any Khan-Related Entity.

11.     All documents referring or relating to any Khan assets or property during the Applicable Period.

12.     All documents reflecting service fees and other charges charged to the Debtors, Khan, and/or the Khan-Related Parties.

13.     All communications reflecting or referencing service fees or other charges charged to the Debtors or the Khan-Related Parties.

14.     All communications by and among you and any banks, financial services firms, and other accountants or auditors relating in any way to one or more of the Debtors, Khan, and/or any of the Khan-Related Entities.

*          *          *

14

C\1461186.2