UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

INTERLOGIC OUTSOURCING, INC.,      Case No. 20-00325-swd
IOI PAYROLL SERVICES, INC.,      Hon. Scott W. Dales
IOI WEST, INC.,      Chapter 11
LAKEVIEW HOLDINGS, INC.,      (Jointly Administered)
LAKEVIEW TECHNOLOGY, INC.,
MODEARN, INC., and
TIMEPLUS SYSTEMS, LLC,[1]

        Debtors.
_____/

## ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                      Chief United States Bankruptcy Judge

      Pursuant to Rule 5005(a)(1), the Clerk accepted for filing Claimant Puff & Cockerill LLC's Objection to Debtors' Fourth Omnibus Objection to (Duplicate) Claims Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 (ECF No. 1186, the "Response"). The Clerk, however, brought the Response to the court's immediate attention because (1) an attorney presented the Response for filing in paper form, rather than electronically, and (2) the attorney who filed the Response is not admitted to practice in the Western District of Michigan. The first defect contravenes LBR 5005-1(a) and the second offends W.D. Mich. LGenR 2.1. The court notes, too, that the attorney who filed the Response did so not on his own behalf but on behalf of a limited liability company. Artificial entities, including limited liability companies, may appear in the bankruptcy court only through counsel. *See* LBR 9010-2(b).

      Under the circumstances, the court will give attorney Jeffrey V. Puff, Esq., a brief opportunity to correct these shortcomings, for example by seeking admission to the United States District Court for the Western District of Michigan (full or *pro hac vice* admission), and either (i) becoming a registered e-filer with this court, or (ii) filing a motion in compliance with LBR 5005-

---

[1] The Debtors in the Northern District of Indiana chapter 11 cases (together, the "IOI Debtors") include: Interlogic Outsourcing, Inc., Case No. 20-00325-swd; IOI Payroll Services, Inc., Case No. 20-00326-swd; TimePlus Systems, LLC, Case No. 20-00332-swd; IOI West, Inc., Case No. 20-00327-swd; Lakeview Technology, Inc., Case No. 20-00330-swd; Lakeview Holdings, Inc., Case No. 20-00329-swd; and ModEarn, Inc., Case No. 20-00331-swd.

1(b)(4). If he does not promptly take corrective measure, the Clerk shall strike the Response and the parties may properly disregard it.

NOW THEREFORE IT IS HEREBY ORDERED that the Clerk shall strike the Response 7 days after entry of this Order unless Jeffrey V. Puff, Esq., takes corrective measures as provided herein within that time.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Matthew Smart, Esq., Matt Murphy, Esq., Steven L. Rayman, Esq., the United States Trustee, The Official Committee of Unsecured Creditors, Jeffrey V. Puff, Esq., by facsimile, and all parties who have requested notice of these proceedings by ECF.

END OF ORDER

**IT IS SO ORDERED.**

Dated October 15, 2020



_____
Scott W. Dales
United States Bankruptcy Judge