UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

NAJEEB AHMED KHAN,[1]

        Debtor.

_____/

Case No. 19-04258
Hon. Scott W. Dales
Chapter 11

In re:

KHAN AVIATION, INC., *et al.*,[2]

        Debtor.

_____/

Case No. 19-04261
Hon. Scott W. Dales
Chapter 11
(Jointly Administered)

In re:

INTERLOGIC OUTSOURCING, INC., *et al.*,[3]

        Debtor.

_____/

Case No. 20-00325
Hon. Scott W. Dales
Chapter 11
(Jointly Administered)

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                Chief United States Bankruptcy Judge

The court held a hearing on June 17, 2021, by Zoom, to consider the Debtors' Motion For

Entry of an Order (I) Authorizing and Approving the Settlement Agreement Among the Debtors

---

[1] Estate Tax I.D. No.: 84-6804873.

[2] The Debtors in the Khan Entities Cases, along with the last four digits of each Debtor's federal tax identification number, are: Khan Aviation, Inc. (0145), GN Investments, LLC (3550), KRW Investments, Inc. (4356), NJ Realty, LLC (3761), NAK Holdings, LLC (4717), and Sarah Air, LLC (4718).

[3] The Debtors in the IOI Cases, along with the last four digits of each Debtor's federal tax identification number are: Interlogic Outsourcing, Inc. (1273); IOI Payroll Services, Inc. (1202); TimePlus Systems, LLC (9477); IOI West, Inc. (1405); Lakeview Technology, Inc. (1451); Lakeview Holdings, Inc. (7589); and ModEarn, Inc. (3473). The location of the IOI Debtors' headquarters is: 1710 Leer Drive, Elkhart, Indiana 46514.

and PrimePay, LLC, (II) Limiting Notice of the Motion, and (III) Granting Related Relief (ECF No. 1545 in Case No. 20-00325-swd (the "Motion"), and the solitary opposition of One Source Virtual, Inc. ("One Source").[4]  The Motion seeks approval of a settlement with PrimePay, LLC ("PrimePay") which, distilled to essentials (and in the court's words), "quit claims" whatever rights the Debtors had in a "Software Product Package" referred to as "TaxEx" (the "TaxEx Software") after the sale of substantially all of their assets to PrimePay in a bankruptcy court-approved transaction early in the case.  The extent of the Debtors' interests in the TaxEx Software was, and remains, a matter of dispute, prepetition and post-petition, between One Source and the Debtors (or Prime Pay as their successor).  The Debtors explain that they are "stuck in a three-way dispute that threatens to drain valuable estate resources to the detriment of all parties in interest, including the Debtors' former customers and other general unsecured creditors." *Id*. at ¶ 3.

The agreements relating to the TaxEx Software have been cursed with controversy for a few years.  Even before the Debtors filed their bankruptcy petitions, the companies were involved in litigation against One Source in the U.S. District Court for the Northern District of Indiana, seeking a declaration of the parties' rights to the software and source codes.  Their bankruptcy filings interrupted that proceeding, leaving in doubt for the time being the parties' respective non-bankruptcy rights in the software.  Turning their attention to their bankruptcy proceedings, the Debtors decided (and the first bankruptcy judge assigned to their case agreed) that the best way to maximize value for the Debtors' creditors and other stakeholders was to effect a sale of substantially all the Debtors' assets to PrimePay under 11 U.S.C. § 363(b), which occurred upon entry of a sale order on September 19, 2019 (ECF No. 359, the "Sale Order"), shortly after the

---

[4] Following the court's confirmation of the Amended Joint Chapter 11 Plan of Liquidation for (I) Najeeb Ahmed Khan, (II) Khan Aviation and Its Jointly Administered Debtors, and (III) Interlogic Outsourcing and Its Jointly Administered Debtors, Mark T. Iammartino assumed the role of liquidating trustee (the "Liquidating Trustee").  The court will refer to the Liquidating Trustee as the proponent of the Motion.

commencement of the cases, where they were pending in the Northern District of Indiana before their transfer to the Western District of Michigan.

According to the Liquidating Trustee who, after confirmation, adopted and is prosecuting the Motion, the gist of the settlement is as follows:

> The Settlement Agreement accomplishes two main goals: first, the parties agreed that with respect to the TaxEx Software, PrimePay acquired whatever rights the Debtors currently have or had to the TaxEx Software as of September 30, 2019 – the date upon which the Bankruptcy Court for the Northern District of Indiana enter the order approving the Debtors' sale of their assets to PrimePay . . . ; second, it gives PrimePay the right to take all actions it deems necessary to protect its interests in the TaxEx Software, including intervening in the Litigation in the Indiana District Court. In exchange, the Debtors were to receive a payment of $10,000 to help defray some of the costs the Debtors incurred resolving this dispute.

Motion at ¶ 4.  In a nutshell, as between the Debtors and PrimePay, the settlement acknowledges that PrimePay succeeded to all of the Debtors' rights in the TaxEx Software, including intellectual property rights that might have survived transfer under the Sale Order, "to the extent permitted by applicable law."  It also permits PrimePay to intervene in litigation involving the TaxEx software, requires PrimePay to defray the Debtors' cost by making a $10,000 payment, and effects a mutual release.  Now that PrimePay has discovered that it bought a lawsuit as well as a payroll business,[5] this latter aspect of the settlement seems particularly useful to the Debtors.

As the Hon. James D. Gregg observed when approving a knotty settlement in this court several years ago, "the court must determine whether the proposed compromise is 'fair and equitable.'"  *In re SCBA Liquidation, Inc.*, 451 B.R. 747, 769 (Bankr. W.D. Mich. 2011) (citing *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968) and *Reynolds v. Commissioner*, 861 F.2d 469, 473 (6th Cir. 1988)).  Courts generally consider (1) the probability of success in the litigation; (2) the difficulties of collecting

---

[5] *See OneSource Virtual, Inc. v. Interlogic Outsourcing, Inc., and PrimePay, LLC*, Adv. Pro. No. 20-80109 (Bankr. W.D. Mich.) (the "Adversary Proceeding").

any judgment; (3) the complexity of the litigation and the expense, inconvenience, and delay necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *Id.* Depending on the circumstances, some factors may weigh more heavily than others. Given the relative harmony (at present) between the settling parties in the present case, the last two factors bear heavily on the court's decision, as does the observation repeated in many of the cases, that the court defer to the estate fiduciary's business judgment and need determine only that the agreement falls within the range of reasonableness. *See In re Dow Corning Corp.*, 192 B.R. 415, 421 (Bankr. E.D. Mich. 1996) ("[T]the obligation of the court is to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness.").

Here, the pendency of the prepetition litigation and the uncertainty regarding whether or to what extent the agreements relating to the TaxEx Software were executory at the time of entry of the Sale Order, removes any doubt in the court's mind that the Debtors' securing a release from PrimePay and a $10,000.00 kicker for their troubles, falls within the range of reasonable settlement objectives.

One Source's self-serving objection need not prevent nor delay approval of the settlement especially since the Liquidating Trustee confirmed in court filings and on the record during the hearing on the Motion that the settlement is not designed and should not be construed to prejudice One Source's interest in the TaxEx Software or the Adversary Proceeding. To this concession the court observes that notwithstanding the settlement, the Liquidating Trustee and other entities remain obligated to give evidence if properly called upon to do so.

The court also rejects as unpersuasive One Source's suggestion that somehow the settlement confers standing on PrimePay. First, as the court observed during the hearing, One

Source sued PrimePay for declaratory relief.  PrimePay certainly has standing to defend itself by seeking what it regards as an appropriate declaration of its rights through the Adversary Proceeding that One Source itself initiated.  Second, PrimePay at least has a colorable interest in the TaxEx Software under the Sale Order sufficient to confer standing, and as the court noted during the hearing, it has no intention of attempting to bind the Northern District of Indiana to a particular ruling on any possible intervention motion before that court if the dispute returns to that tribunal.  A finding of standing to participate in the litigation is separate from rights, if any, on the merits.

Notwithstanding the foregoing observation, the quit claim nature of the settlement, which the court regards as an effort to transfer whatever remaining interests may be transferred in the TaxEx software as permitted by applicable law -- an issue to be determined -- may result in PrimePay's obtaining whatever rights the Liquidating Trustee has in contracts that have been rejected.  Without additional briefing, the court will not opine on the effect (if any) of a Debtors' purporting to transfer rights in former-but-now-rejected executory contracts.  As the court made clear during the hearing, the issue of whether the agreements in dispute were executory, or the extent of their executory nature, will not be prejudged by the approval of the settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED as provided herein.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Mark T. Iammartino as liquidating trustee, OneSource Virtual, Inc., the United States Trustee, and all parties who have appeared in or requested notice of any of these proceedings.

END OF ORDER

**IT IS SO ORDERED.**

**Dated June 21, 2021**



_____
Scott W. Dales
United States Bankruptcy Judge