UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re:<br><br>NAJEEB AHMED KHAN,[1]<br><br>        Debtor. | Chapter 11<br><br>Case No. 19-04258 (SWD) |
| In re:<br><br>INTERLOGIC OUTSOURCING, INC., *et al.*,[2]<br><br>        Debtors. | Chapter 11<br><br>Case No. 20-00325 (SWD)<br><br>(Jointly Administered) |

**LIQUIDATING TRUSTEE'S FOURTEENTH OMNIBUS OBJECTION TO (PARTIALLY UNENFORCEABLE AND UNSUBSTANTIATED) CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003, AND 3007**

**PARTIES RECEIVING THIS OMNIBUS OBJECTION SHOULD LOCATE THEIR NAMES AND THEIR CLAIM(S) IN EXHIBIT 1 TO THE PROPOSED ORDER.**

**YOUR RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND BY ANY FURTHER OBJECTION THAT MAY BE FILED AGAINST YOUR CLAIM(S).**

**THE RELIEF SOUGHT IN THIS OBJECTION IS WITHOUT PREJUDICE TO THE RIGHTS OF THE LIQUIDATING TRUSTEE OR ANY OTHER PARTY IN INTEREST TO PURSUE FURTHER OBJECTIONS AGAINST THESE CLAIMS, AND NOTHING IN THIS OBJECTION OR THE PROPOSED ORDER IS INTENDED OR SHALL BE DEEMED TO WAIVE SUCH RIGHTS OR BE AN ALLOWANCE OF ANY SUCH CLAIM.**

---

[1]    Estate Tax I.D. No.: 84-6804873.

[2]    The Debtors in the jointly administered Interlogic Outsourcing, Inc. cases ("IOI Cases"), along with the last four digits of each Debtor's federal tax identification number are: Interlogic Outsourcing, Inc. (1273); IOI Payroll Services, Inc. (1202); TimePlus Systems, LLC (9477); IOI West, Inc. (1405); Lakeview Technology, Inc. (1451); Lakeview Holdings, Inc. (7589); and ModEarn, Inc. (3473) (cumulatively, the "IOI Debtors"). The location of the IOI Debtors' headquarters is: 1710 Leer Drive, Elkhart, Indiana 46514.

Mark T. Iammartino (the "Liquidating Trustee"), solely in his capacity as Liquidating Trustee of the Khan IOI Consolidated Estate Trust (the "Consolidated Estate Trust") in the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors"), respectfully submits this omnibus objection to claims (this "Objection"), pursuant to which the Liquidating Trustee requests entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, (a) reducing the amount of the claims listed on Exhibit 1 attached to the Order (the "Claims") to the amounts specified in the column entitled "Reduced Claim Amount" therein, (b) authorizing Prime Clerk LLP (the "Claims Agent") to amend the official register maintained by the Claims Agent (the "Claims Register") in accordance with the Order, and (c) granting related relief. In support of this Objection, the Liquidating Trustee submits the Declaration of Mark T. Iammartino in Support of the *Liquidating Trustee's Fourteenth Omnibus Objection to (Partially Unenforceable and Unsubstantiated) Claims Pursuant to Sections 502(B) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007* (the "Iammartino Declaration"), attached hereto as **Exhibit B** and incorporated herein by reference. In further support of this Objection, the Liquidating Trustee respectfully states as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the Western District of Michigan (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Local Rules for the United States District Court for the Western District of Michigan (the "Local Rules"). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Liquidating Trustee confirms his consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent

of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are section 502 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rules 3001, 3003, and 3007.

### Relief Requested

4. By this Objection, the Liquidating Trustee seeks entry of the Order reducing the amount of the Claims listed on Exhibit 1 attached to the Order to the amounts specified in the column entitled "Reduced Claim Amount" therein, and authorizing the Claims Agent to amend the Claims Register in accordance therewith.

### Background

**A. IOI Debtors Cases**

5. On August 11, 2019, each of the IOI Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Indiana (the "Indiana Court"). A detailed description of certain facts and circumstances surrounding the IOI Cases is set forth in the *Declaration of Daniel Wikel, Chief Restructuring Officer of Interlogic Outsourcing, Inc., in Support of Debtors' Chapter 11 Petitions and First Day Motions* [IOI Cases Docket No. 20].

6. The IOI Cases were consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [IOI Cases Docket No. 101]. On August 22, 2019, the United States Trustee for the Northern District of Indiana appointed the official committee of unsecured creditors (the "IOI Committee") pursuant to section 1102 of the

Bankruptcy Code [IOI Cases Docket No. 148] (as amended on August 27, 2019 [IOI Cases Docket No. 190]).

7. On January 21, 2020, the Indiana Court transferred the IOI Cases to this Court [IOI Cases Docket No. 737]. On January 29, 2020, this Court acknowledged the receipt of the IOI Cases and entered the *Order Regarding Transfer of Interlogic Outsourcing, Inc., and Related Cases* [IOI Cases Docket No. 739] to clarify that, among other things, the orders entered by the Indiana Court will be treated as the law of the case by this Court, notwithstanding the transfer.

B. **Khan Entities Cases**

8. On October 8, 2019, each of the Khan Entities filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. Kelly M. Hagan was the duly appointed, acting, and qualified chapter 11 trustee in each of the Khan Entities Cases. See, e.g., *Order Approving Appointment of Chapter 11 Trustee* [Khan Entities Docket No. 65] and *Acceptance of Appointment* [Khan Entities Docket No. 66] filed in In re Khan Aviation, Inc., No. 19-04261 (SWD) (Bankr. W.D. Mich. Oct. 28, 2019).

9. The Khan Entities' chapter 11 cases were consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b), but each case maintained a separate claims register.

C. **Najeeb A. Khan Case**

10. On October 8, 2019, Najeeb A. Khan filed his case under chapter 11 of the Bankruptcy Code in this Court. Pursuant to the *Order Approving Appointment of Chapter 11 Trustee* [NA Khan Case Docket No. 137] dated October 29, 2019 and the *Acceptance of Appointment* [NA Khan Case Docket No. 166] filed November 4, 2019, Mark T. Iammartino was the duly appointed, acting, and qualified Chapter 11 Trustee in the NA Khan Case. On

November 1, 2019, the United States Trustee for the Western District of District of Michigan (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Khan Committee," and together with the IOI Committee, the "Committees") pursuant to section 1102 of the Bankruptcy Code [NA Khan Case Docket No. 155].

### D.  Prime Clerk Approved as Claims Agent

11. On August 20, 2019, the Indiana Court entered an order approving the retention of Prime Clerk, LLP as the Claims Agent in the IOI Cases [IOI Cases Docket No. 141].

12. On March 10, 2020, the Court entered the *Order Authorizing Retention and Appointment of Prime Clerk LLC as Claims, Noticing and Solicitation Agent* in the NA Khan Case [NA Khan Case Docket No. 452].

13. Prime Clerk, LLP is serving as the Claims Agent for the Khan IOI Consolidated Estate. Among other things, the Claims Agent is authorized to receive, maintain, docket, and otherwise administer the proofs of claim filed in these chapter 11 cases and maintain the Claims Register.

### E.  Claims Bar Dates

14. On April 8, 2020 and April 9, 2020, the Court entered orders [IOI Cases Docket No. 957; NA Khan Case Docket No. 481; Khan Entities Cases Docket No. 278] (each a "Bar Date Order") extending existing deadlines and setting May 20, 2020 as the deadline to file a claim in each of the chapter 11 cases (the "General Bar Date"). Notice of the General Bar Date was provided by mail in accordance with various orders of the Court. *See Certificates of Service and Supplemental Certificates of Service* [IOI Cases Docket Nos. 930, 985, 1047; NA Khan Cases Docket Nos. 466, 497, 587, 606, 657, and 666; Khan Entities Cases Docket Nos. 256 and 334].

{9773606: }                                      5

F.  **Plan Confirmation and Consolidated Estate Trust**

15. On April 27, 2021, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming Amended Joint Chapter 11 Plan of Liquidation for (I) Najeeb Ahmed Khan, (II) Khan Aviation and Its Jointly Administered Debtors, and (III) Interlogic Outsourcing and Its Jointly Administered Debtors* (the "Confirmation Order") [IOI Cases Docket No. 1610; NA Khan Case Docket No. 882; Khan Entities Cases Docket No. 836]. The Confirmation Order confirmed the *Amended Joint Chapter 11 Plan of Liquidation for (I) Najeeb Ahmed Khan, (II) Khan Aviation, Inc. and Its Jointly Administered Debtors, and (III) Interlogic Outsourcing, Inc. and Its Jointly Administered Debtors* (the "Plan") [IOI Cases Docket No. 1602; NA Khan Case Docket No. 874; Khan Entities Cases Docket No. 827].

16. On May 17, 2021 (the "Effective Date"), the *Notice of (A) Occurrence of Effective Date of Amended Joint Chapter 11 Plan of Liquidation for (I) Najeeb Ahmed Khan, (II) Khan Aviation and Its Jointly Administered Debtors, and (III) Interlogic Outsourcing and Its Jointly Administered Debtors; and (B) Related Bar Dates* [IOI Cases Docket No. 1646; NA Khan Case Docket No. 895; Khan Entities Cases Docket No. 856] was filed.

17. The Committees were disbanded on the Effective Date.

18. The Liquidating Trustee was appointed under Section 1.34 of the Plan, and he is serving as the Liquidating Trustee pursuant to the terms of the Plan and the Liquidating Trust Agreement. Pursuant to the Plan and Section 3.4(k) of the Liquidating Trust Agreement, the Liquidating Trustee has the power, among other things, to "administer, reconcile, compromise, estimate and/or resolve Claims in accordance with, but subject to the limitations set forth in, the Plan and Confirmation Order (including the filing of any objections to such Claims as appropriate)."

**The Claims**

19.     The Claims are comprised of claims for which the Claimants provided insufficient or no supporting documentation to support the alleged claim amount, and the Debtors' books and records show different amounts owing to the Claimants than those alleged in the Claims. Some of the Claims also include amounts for garnishments, late fees, penalties, and/or interest that were inappropriately included in the Claims because the various taxing authorities offered to waive such amounts and, in many cases in fact did waive such amounts, after the claims bar date had passed. The attorneys' fee amounts were inappropriately asserted because the claimants have asserted no statutory, state law, or contractual basis for inclusion of those amounts in the Claims.

20.     The Liquidating Trustee examined the Claims and the Debtors' books and records, and he has determined that the Claims should be reduced, as indicated in the column titled "Reduced Claim Amount" on Exhibit 1 to the Order, on the basis that they are partially unenforceable and unsubstantiated. It is the Liquidating Trustee's intent that each Claimant receive a distribution only on the portion of the Claim for which the Claimant has provided supporting documentation or for which the Liquidating Trustee could find support in the Debtors' books and records. The Liquidating Trustee believes that the discrepancies between the amounts set forth in the Claims and the Debtors' books and records stem from Claimant's failure to account for certain payments made by the Debtors.

21.     As indicated in the column titled "Reduced Claim Amount" on Exhibit 1 to the Order, the Liquidating Trustee intends that each creditor filing the Claims shall have a single surviving claim against the Khan IOI Consolidated Estate, in a reduced amount as set forth

therein. The Liquidating Trustee's right to assert objections to the Surviving Claims shall be reserved and preserved.

22. Failure to reduce the Claims will result in the applicable Claimants receiving an unwarranted recovery against the Khan IOI Consolidated Estate, to the detriment of other creditors in this case. Accordingly, to ensure the accuracy of the Claims Register, the Liquidating Trustee requests that the Court reduce the Claims as indicated on Exhibit 1 to the Order.

## Basis for Relief

23. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a part in interest . . . objects." *See In re Dow Corning Corp.*, 456 F.3d 668, 680 (6th Cir. 2006). If an objection is filed, the Court, upon notice and a hearing, shall determine the proper and appropriate amount of such claim. *See* 11 U.S.C. § 502(b). The Liquidating Trustee "has the duty to object to the allowance of any claim that is improper." *Int'l Yacht & Tennis, Inc. v. Wasserman Tennis, Inc. (In re Int'l Yacht & Tennis, Inc.)*, 922 F.2d 659, 661–62 (11th Cir. 1991); *see* 11 U.S.C. §§ 704(a)(5), 1106(a)(1), 1107(a).

24. The burden of proof for determining the validity of claims rests on different parties at different stages of the objection process:

> The burden of going forward with the evidence shifts during the claim filing and objection process. Initially, the claimant must allege sufficient facts to support a legal liability to the claimant. If that is done, the burden of going forward shifts to the objector to produce evidence which, if believed, refutes at least one of the allegations that is essential to the legal sufficiency of the claim. Once that is accomplished, the burden again shifts to the claimant to prove the validity of the claim by the preponderance of the evidence. The claimant always bears the burden of persuasion.

*In re Mace*, 573 F. App'x 490, 496 (6th Cir. 2014) (citing *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 172-73 (3d Cir. 1992)); *see In re Mich.-Wisc. Transp. Co*, 161 B.R. 628, 635-36 (Bankr. W.D. Mich. 1993). In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Mace*, 573 F. App'x at 496.

25. Section 502(b)(1) of the Bankruptcy Code disallows any claim that is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). "This provision is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450, 127 S. Ct. 1199, 1204, 167 L. Ed. 2d 178 (2007).

26. Section 502(b)(2) of the Bankruptcy Code disallows any claim that "is for unmatured interest[.]" 11 U.S.C. 502(b)(2).

27. The Claims are comprised of claims for which the Claimants provided insufficient or no supporting documentation to support the alleged claim amount, and the Debtors' books and records show different amounts owing to the Claimants than those alleged in the Claims. Some of the Claims also include amounts for garnishments, late fees, penalties, and/or interest that were inappropriately included in the Claims because the various taxing authorities offered to waive such amounts and, in many cases in fact did waive such amounts, after the claims bar date had passed. The attorneys' fee amounts were inappropriately asserted because the claimants have asserted no statutory, state law, or contractual basis for inclusion of those amounts in the Claims.

28. Any claimant's failure to make any such payments to the relevant taxing authorities to avoid the late fees, penalties, and/or interest constitutes a failure to mitigate such claimant's damages, barring the inclusion of those amounts in the Claims.

29. The Liquidating Trustee examined the Claims and the Debtors' books and records, and he has determined that the Claims should be reduced, as indicated in the column titled "Reduced Claim Amount" on <u>Exhibit 1</u> to the Order, on the basis that they are partially unenforceable and unsubstantiated. It is the Liquidating Trustee's intent that each Claimant receive a distribution only on the enforceable portion of the Claim for which the Claimant has provided supporting documentation or for which the Liquidating Trustee could find support in the Debtors' books and records. The Liquidating Trustee believes that the discrepancies between the amounts set forth in the Claims and the Debtors' books and records stem from Claimant's failure to account for certain payments made by the Debtors.

30. The Liquidating Trustee examined the Claims and the Debtors' books and records, and has determined that the Claims should be reduced, as indicated in the column titled "Reduced Claim Amount" on <u>Exhibit 1</u> to the Order, on the basis that they are unsubstantiated and partially "unenforceable against the debtor[s] . . . under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

31. Failure to disallow the Claims will result in the applicable Claimants receiving an unwarranted recovery against the Khan IOI Consolidated Estate, to the detriment of other creditors in this case. Accordingly, to ensure the accuracy of the Claims Register, the Liquidating Trustee requests that the Court disallow the Claims as indicated on <u>Exhibit 1</u> to the Order.

**Reservation of Rights**

32. Nothing contained in this Objection or any actions taken by the Liquidating Trustee pursuant to relief granted in the Order is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Liquidating Trustee's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection; (e) an admission by the Liquidating Trustee that any contract or lease is executory or unexpired, as applicable; (f) a waiver or limitation of the Liquidating Trustee's rights under the Bankruptcy Code or any other applicable law; (g) a request or authorization to assume or reject any agreements under section 365 of the Bankruptcy Code; (h) a waiver of any party's rights to assert that any other party is in breach or default of any agreement; or (i) an admission that any contract or lease is integrated with any other contract or lease.

33. The Liquidating Trustee hereby reserves his rights to amend, modify, and/or supplement this Objection, including to object to any of the Claims listed on Exhibit 1 to the Order on any additional grounds, prior to the hearing before the Court on this Objection, if any; *provided*, *however*, that nothing in this Objection shall affect the Liquidating Trustee's right to object to any Claims at a future date on any basis.

**Compliance with Bankruptcy Rule 3007**

34. To the best of the Liquidating Trustee's knowledge and belief, this Objection and the Order comply with Bankruptcy Rule 3007. To the extent this Objection does not comply in all respects with the requirements of Bankruptcy Rule 3007, the Liquidating Trustee submits that any deviations are not material and respectfully request that those requirements from which this Objection deviates be waived.

## Notice

35. The Liquidating Trustee will provide notice of this Objection to: (a) the U.S. Trustee for the Western District of Michigan; (b) the United States Attorney's Office for the Western District of Michigan; (c) the Internal Revenue Service; (d) the United States Securities and Exchange Commission; (e) the Attorney General for the State of Michigan; (f) each holder of the Claims identified in Exhibit 1 to the Order, and (g) any party that requests service in the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 2002. The Liquidating Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

36. No prior request for the relief sought in this Objection has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Liquidating Trustee respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated: August 12, 2021

Respectfully submitted,

**MARK IAMMARTINO, Liquidating Trustee**

*/s/ Nicholas M. Miller*
Nicholas M. Miller (admitted *pro hac vice*)
Ashley J. Jericho (P72430)
**MCDONALD HOPKINS LLC**
300 North LaSalle Street, Suite 1400
Chicago, IL 60654
Telephone: (312) 642-6938
Facsimile:   (312) 280-8232
nmiller@mcdonaldhopkins.com
ajericho@mcdonaldhopkins.com