UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

NAJEEB AHMED KHAN,[1]

        Debtor.

_____/

Case No. 19-04258
Hon. Scott W. Dales
Chapter 11

In re:

KHAN AVIATION, INC., *et al.*,[2]

        Debtor.

_____/

Case No. 19-04261
Hon. Scott W. Dales
Chapter 11
(Jointly Administered)

In re:

INTERLOGIC OUTSOURCING, INC., *et al.*,[3]

        Debtor.

_____/

Case No. 20-00325
Hon. Scott W. Dales
Chapter 11
(Jointly Administered)

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
               Chief United States Bankruptcy Judge

The court has made no secret of its disdain for the litigation tactics of the targets of

the Trustee's Motion for Sanctions (ECF No. 2115, the "Motion").[4]  Indeed, the court is

---

[1] Estate Tax I.D. No.: 84-6804873.

[2] The Debtors in the Khan Entities Cases, along with the last four digits of each Debtor's federal tax identification number, are: Khan Aviation, Inc. (0145), GN Investments, LLC (3550), KRW Investments, Inc. (4356), NJ Realty, LLC (3761), NAK Holdings, LLC (4717), and Sarah Air, LLC (4718).

[3] The Debtors in the IOI Cases, along with the last four digits of each Debtor's federal tax identification number are: Interlogic Outsourcing, Inc. (1273); IOI Payroll Services, Inc. (1202); TimePlus Systems, LLC (9477); IOI West, Inc. (1405); Lakeview Technology, Inc. (1451); Lakeview Holdings, Inc. (7589); and ModEarn, Inc. (3473).

[4] *See* Memorandum of Decision and Order dated July 30, 2021, at p. 19 n.14, and Memorandum of Decision and Order dated Sept. 1, 2021, at pp. 3-5 (entered as ECF Nos. 63 and 71 in *OneSource Virtual, Inc. v.*

not surprised that the liquidating trustee, Mark T. Iammartino (the "Trustee"), filed the Motion, only that he waited as long as he did. Nevertheless, having carefully considered the Motion, OneSource Virtual, Inc.'s Response to Trustee's Motion for Sanctions (ECF No. 2120, the "Response"), and the Trustee's Reply in Support of Motion for Sanctions (ECF No. 2121, the "Reply"), the court will deny the Motion.[5]

The dispute between the Trustee and OneSource about the ownership of software referred to as "TaxEx" predates the chapter 11 filing of Interlogic Outsourcing, Inc. ("IOI") and its affiliates. The original signatories to the underlying contract, which the parties refer to as the "Transfer Agreement,"[6] included IOI and Crystal Solutions, Inc. ("Crystal"), before Crystal assigned its interests under that agreement to OneSource.[7]

At first, the litigation between OneSource and IOI percolated in the United States District Court for the Northern District of Indiana,[8] before spilling into the Northern District's bankruptcy court, and eventually this court upon the transfer of the IOI-related bankruptcy cases. For a while, the parties skirmished over IOI's efforts to transfer the TaxEx software to PrimePay, LLC (the purchaser of IOI's assets at a § 363 sale) ("PrimePay") and the proper forum for determining their respective rights to the TaxEx

---

*Interlogic Outsourcing, Inc. (In re Interlogic Outsourcing, Inc.)*, Adv. No. 20-80109-SWD (Bankr. W.D. Mich.)).

[5] Because granting the Motion, thus requiring OneSource Virtual, Inc. ("OneSource") to reimburse the Trustee's legal fees and costs, would augment the funds available for distribution to creditors, the court has jurisdiction to hear this dispute. *See Bavelis v. Doukas*, 835 F. App'x 798, 804-05 (6th Cir. 2020). In addition to power, the court has the authority to grant the relief the Trustee seeks. *In re Royal Manor Mgmt., Inc.*, 652 F. App'x 330, 341 (6th Cir. 2016) (bankruptcy court has inherent authority and statutory authority under 28 U.S.C. § 1927 to impose sanctions). Nevertheless, whether to exercise that power and authority by granting the Motion is committed to the court's discretion. *Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 375 (6th Cir. 1996).

[6] *See* Motion at Exhs. 2 & 3 (Agreement for Transfer of Rights Related to Software and the First Amendment to Agreement for Transfer of Rights Related to Software).

[7] *See* Motion at Exh. 4 (Asset Purchase Agreement between Crystal Solutions, Inc. and OneSource Virtual, Inc., dated as of Sept. 21, 2015).

[8] In 2018, IOI filed a complaint against OneSource in the United States District Court for the Northern District of Indiana, Case No. 3:18-cv-00300-DRL-MGG (the "Indiana Litigation").

software. In a nutshell, IOI argued that OneSource breached the Transfer Agreement by refusing to provide IOI with the TaxEx source code and that IOI (and later, PrimePay as its successor) enjoyed ownership rights in the TaxEx software; for its part, OneSource argued that IOI's rights in the TaxEx software product package are limited to its right to use the TaxEx software and source code in IOI's own business, and that these rights cannot be transferred.

These matters involve the interpretation of the Transfer Agreement (as amended). At one point, after IOI filed its bankruptcy petition, it appeared that OneSource intended to return to the Northern District of Indiana to resolve this dispute, but the company later changed course and commenced an adversary proceeding here seeking an order declaring the respective rights of the parties to the TaxEx software. On July 30, 2021, after motion practice, the court entered an opinion memorializing its decision to abstain from hearing the dispute, concluding that IOI and the consolidated estates no longer held any interest in the TaxEx software or related agreements following the Northern District's § 363 sale, and this court's confirmation of IOI's plan of liquidation and post-confirmation approval of a settlement between PrimePay and the Trustee.[9]

After the court announced its abstention decision, OneSource filed a notice of appeal (invoking the jurisdiction of the Sixth Circuit's Bankruptcy Appellate Panel or "BAP"), and the parties resumed their prosecution (and defense) in the Indiana Litigation, albeit cautiously during the pendency of OneSource's appeal to the BAP.

---

[9] *See* Memorandum of Decision and Order dated July 30, 2021 (entered as ECF No. 63 in *OneSource Virtual, Inc. v. Interlogic Outsourcing, Inc. (In re Interlogic Outsourcing, Inc.)*, Adv. No. 20-80109-SWD (Bankr. W.D. Mich.)).

Significantly, at no point while the dispute remained pending in the Western District of Michigan did the Trustee (or IOI) seek to sanction OneSource or its counsel, despite the obvious hard feelings among counsel and, in the court's view at the time, sharp practice and unprofessionalism on the part of Munsch Hardt Kopf & Harr, P.C. ("Munsch Hardt") and that firm's lead counsel, Jamil Alibhai, Esq. *See, supra*, at n. 4.

According to the Motion, the allegedly vexatious antics of Munsch Hardt and Mr. Alibhai continued before the BAP, as catalogued in the Motion at paragraphs 30-33 and the Declaration of Michael C. Whalen in Support of Debtors' Motion for Sanctions dated Dec. 2, 2022,[10] and in the Northern District of Indiana, as set forth in the Motion at paragraphs 36-38.

Broadly speaking, the Trustee's grounds for imposing sanctions, whether under the court's inherent authority or 28 U.S.C. § 1927, fall into three baskets of alleged misbehavior: (1) misconduct before this court prior to the entry of the court's abstention decision on July 30, 2021, in connection with OneSource's original stay relief motion, objections to the settlement, and the now-dismissed adversary proceeding; (2) misconduct before the BAP on appeal from the court's decision to abstain, primarily by embroiling IOI in the appeal; and (3) misconduct before the Northern District of Indiana after the pre-bankruptcy lawsuit in that forum resumed, principally by opposing the substitution of PrimePay for IOI.

With respect to the first basket, the court's role (insofar as it affects OneSource) came to an end nearly eighteen months ago, along with the court's interest, if not authority, to maintain control of proceedings before the court. Save for the current Motion, there are

---

[10] Motion at Exh. 7 (ECF No. 2115-1, pp. 135-36).

no such proceedings involving OneSource or the estate's former interest in the TaxEx software pending before the court. The relief requested in the Motion, in other words, would not be forward-looking, but rather retrospective and compensatory.

Moreover, the conduct of Munsch Hardt and its client before this court, without more, was evidently not sufficient to provoke IOI (or later, the Trustee) to seek sanctions at that time, despite the court's conspicuous reservation of jurisdiction for that purpose. *See* Memorandum of Decision and Order dated July 30, 2021, at p. 19 n.14 (entered as ECF No. 63 in *OneSource Virtual, Inc. v. Interlogic Outsourcing, Inc. (In re Interlogic Outsourcing, Inc.)*, Adv. No. 20-80109-SWD (Bankr. W.D. Mich.)). By reserving jurisdiction to conduct post-abstention sanction proceedings if called upon, the court hoped to bring closure to its role in the dispute, including any controversy over the behavior of the Munsch Hardt attorneys in the Western District. The court may be forgiven for its surprise, therefore, when much later (following dismissal of the BAP appeal and the unhappy, months-long experience extricating IOI from the Indiana Litigation) that the Trustee filed this Motion.

It appears, therefore, that the Motion depends not just on conduct taking place before this court, but also before the BAP and the Northern District of Indiana. This connection, however, gives the court pause for several reasons.

First, sanctioning OneSource or the Munsch Hardt attorneys[11] for conduct before other tribunals stretches the court's inherent authority and authority under 28 U.S.C. § 1927 too far. The court has no appetite for using its inherent authority to police the behavior of

---

[11] The Motion did not specifically identify the alleged offender (Mr. Alibhai) until the Trustee filed his Reply, arguably depriving Mr. Alibhai of the opportunity to respond personally to the charge. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980) ("Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record.").

counsel in other fora.  Although the court's statutory authority under 28 U.S.C. § 1927 may permit consideration of conduct before other tribunals, every court should hesitate before sanctioning an attorney or attorneys for their purported misconduct before another tribunal, especially a tribunal where the matter remains pending—not only as a matter of comity, but also a healthy respect for the orderly administration of justice.  So, while the court may have the authority to impose sanctions, it also has discretion to forbear from doing so under the circumstances.  *Runfola & Assocs., Inc.*, 88 F.3d at 375.  In its discretion, and even recognizing that delays in seeking sanctions are not fatal to that relief, the court nevertheless concludes that the appropriate time for seeking sanctions against OneSource and its counsel for conduct before this court was when OneSource was a party to a proceeding pending here—before the court abstained from hearing the dispute, or within the brief post-judgment period the court prescribed in its abstention opinion.

As for any shenanigans before the BAP, that tribunal has its own tools to safeguard proceedings pending there.  *See* Fed. R. Bankr. P. 8020.  Again, the Trustee did not seek sanctions before the BAP, nor did the BAP impose a sanction *sua sponte* on OneSource or its counsel, other than perhaps the sanction implicit in the panel's dismissal order.

For similar but more compelling reasons, the court will not impose its view of Munsch Hardt's litigation theories on the Northern District of Indiana which, following the court's abstention ruling, is now charged with resolving the merits of the TaxEx dispute. Although the Trustee's efforts to extricate the estate from the dispute between OneSource and PrimePay are distinct from the competing rights under the Transfer Agreement, OneSource's stubborn resistance to the substitution of PrimePay for IOI in the Indiana Litigation touches on the merits of PrimePay's position.  For example, Mr. Alibhai's

July 11, 2022 letter proposing dismissal of IOI from that litigation (rather than substitution under Fed. R. Civ. P. 25) seems designed to advance OneSource's argument that PrimePay lacks standing under the Transfer Agreement. *See* Motion at Exh. 8. Indeed, the Trustee reads the letter this way, and so does this court. Similarly, in seeking sanctions the Trustee reminds the court about Crystal's acknowledgments within the Asset Purchase Agreement that IOI had "fully performed" under the Transfer Agreement.

Although the imposition of sanctions under 28 U.S.C. § 1927 or a court's inherent authority generally involves matters collateral to the merits,[12] the court, in its discretion, nevertheless declines to endorse the Trustee's dim view of Mr. Alibhai's letter or the import of the acknowledgments within the Asset Purchase Agreement while the disputes remain pending in the Northern District of Indiana. Condemning Mr. Alibhai's approach to the substitution of PrimePay for IOI in the Indiana Litigation comes rather close to expressing an opinion on the merits of his standing argument. In effect, the Trustee is asking the court to sanction OneSource for making the standing argument that the Hon. Damon R. Leichty recently agreed could be preserved for decision in the Northern District. *See* Response at Exh. 16 (Memorandum of Status Conference, Order Concerning Pretrial Conference and Trial, & Standard Final Jury Instructions, dated Oct. 17, 2022, p. 1); Motion at Exh. 9 (Transcript of Proceedings Before the Hon. Damon R. Leichty, dated Oct. 14, 2022, 10:9-12:13). For similar reasons, the court declines the Trustee's invitation to opine on the impact of OneSource's predecessor's acknowledgments about IOI's pre-bankruptcy

---

[12] *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 645 (6th Cir. 2006) ("we find no material difference between the collateral character of sanctions under Rule 11 and sanctions awarded under 28 U.S.C. § 1927 or pursuant to a court's inherent authority").

completion of performance under the Transfer Agreement. The court abstained from deciding these issues in late July 2021.

While recognizing its authority to reach a different result, imposing sanctions now strikes the court as an unwise and extravagant exercise of discretion under the circumstances, especially considering the timing of the Trustee's Motion, the court's now-settled decision to abstain, and the pendency of the Indiana Litigation.

The court's reluctance to sanction the Munsch Hardt attorneys, however, should not be read as an endorsement of their *modus operandi*. In seeking to advance their client's interests, they have eschewed the problem-solver's approach that generally works in the bankruptcy setting, adopting instead the mantle of warrior-lawyer that generally does not. Indeed, the court concurs with the Trustee that the Munsch Hardt lawyers have delivered their client to precisely the same position it would have been in (over two years ago) if only they had honored their agreements reflected in the "Joint Statement" (as defined in the Motion), which appeared to resolve OneSource's stay relief motion in September 2020. (ECF No. 1138). The only difference, one supposes, is that with the firm's regrettable approach, its client and others have incurred substantial and avoidable litigation expense.

Nevertheless, after affording the Trustee an opportunity to address the conduct of opposing counsel that occurred within the Western District when the court's role in this dispute came to an end in 2021, and given the Northern District of Indiana's continuing control over the litigation and OneSource's counsel, the court will deny the Motion. The only sanction the court will acknowledge is the damage to the reputation that the Munsch Hardt lawyers have earned for themselves in the eyes of their adversaries in this matter, and the author of this opinion.

Notwithstanding today's decision, the Trustee may seek similar relief in the Northern District of Indiana or elsewhere, if so advised.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon counsel for the Trustee and counsel for OneSource.

**IT IS SO ORDERED.**

**Dated January 6, 2023**



Scott W. Dales
United States Bankruptcy Judge